LEDBETTER *vs.* WALKER.

[BILL IN EQUITY BY PURCHASER TO OBTAIN CONVEYANCE OF LAND.]

1. *Agent's authority to sell land.*—A verbal authority is sufficient to authorize an agent to sell land ; and if he executes a bond for title in the name of his principal, the writing will take the case out of the statute of frauds, and justify a specific performance against the principal.
2. *What constitutes defense of purchaser for valuable consideration without notice.* When a party sets up the defense of being a purchaser for valuable consideration without notice, his answer must contain a positive denial of notice, and of all the facts and circumstances charged in the bill from which notice may be implied.

APPEAL from the Chancery Court of Macon.
Heard before the Hon. JAMES B. CLARK.

THIS bill was filed by Alexander H. Ledbetter, against N. W. Cocke, Jethro Walker, and Cleveland Croft; charging the perpetration of a fraud by said Walker and Croft, in combining together to procure from said Cocke the legal title to a tract of land, which complainant had previously purchased from one Kimball, who was Cocke's agent ; praying the cancellation of Croft's deed from Cocke, and the vesting of the legal title in the complainant, or that Croft might be held a trustee for complainant; and adding the general prayer for other and further relief.

A decree *pro confesso* was entered against Cocke. The other defendants answered, denying the charge of fraud; and Croft set up the defense of being an innocent purchaser, for valuable consideration, without notice of complainant's equitable title. On final hearing, on pleadings and proof, the chancellor dismissed the bill, holding that the evidence was not sufficient to charge Croft with notice, actual or implied, of complainant's prior equity; and his decree is now assigned as error.

Geo. W. Gunn, for the appellant.

Jas. E. Belser, *contra.*

WALKER, J.—Kimball's authority, as the agent of Cocke, to sell the land in controversy, is an established fact in this case. That authority was verbal. A verbal authority is sufficient to authorize the performance of any act, which is not of such a nature as to require that it be done under seal. A contract to sell land may be valid, and may transfer the equitable title, although the writing which evidences the contract may not be under seal. If an agent, having a verbal authority, should make the contract by deed, which would have been valid if made by writing without a seal, the contract will enure as a simple contract, and the writing will take the contract out of the statute of frauds.—Dunlap's Paley on Agency, 157, note A; Cocke v. Campbell & Smith, 13 Ala. 286; Tapley v. Butterfield, 1 Metcalf, 515; Robinson v. Garth, 6 Ala. 204; Story on Agency, § 50. From these principles it results, that the fact of Kimball's authority being merely parol does not impair the complainant's right to relief in this case.

2. It is conceded that complainant's equitable title is older than the defendant's (Croft's) legal title; but it is insisted, that Croft is an innocent purchaser, for valuable consideration, without notice of the complainant's equity, and that therefore he is entitled to the protection of the chancery court. To make out the defense of innocent purchaser for value, it is said, in a well considered decision of the Supreme Court of the United States, to be neces-

sary that the purchaser should state the deed of purchase, the date, parties and contents, briefly; and that the vendor was seized in fee, and in possession.; and should state the consideration, with a distinct averment that it was *bona fide* and truly paid, independent of the recital of the deed; and should deny notice, previous to and down to the time of paying the money, and the delivery of the deed; and if notice is specially charged, should deny all circumstances referred to from which notice can be inferred.—Boone v. Chiles, 10 Peters, 177; see, also, Johnson v. Toulmin, 18 Ala. 50. "The notice must be positively, and not evasively denied, whether it be or be not charged by the bill. If particular instances of notice, or circumstances of fraud, are charged, the facts from which they are inferred must be denied, as specially and particularly as charged. If the conveyance pleaded be of an estate in possession, the plea must aver, that the vendor was in possession at the time of the execution of the conveyance. The plea must also distinctly aver, that the consideration money mentioned in the deed was *bona fide* and truly paid."—2 Sugden on Vendors, 354–355–359, chap. XVIII.

Tested by the principles above stated, the answer fails to make out the defense. It nowhere denies that the defendant Croft, at the time of his purchase, had *notice* of the previous purchase by the complainant. The denial which appears from the answer to be relied upon is in the following language: "He denies that he *knew*, at the time of said purchase by him of the said Cocke, that the said complainant had then bargained for the said land with the said Kimball." There is a difference between the want of *knowledge*, and the want of *notice*. He may have been *notified*, without being made to *know* of the complainant's purchase. The bill expressly charges, that Croft, at the time of his pretended purchase, was *informed* and *advised* of the authority and agency of Kimball, and of the sale by him to the complainant. The answer avers, that Croft knew nothing of the *authority* of Kimball. Conceding that, by a liberal construction, this amounts to a denial of notice of Kimball's agency, the answer

nowhere meets and responds to the allegation that Croft was *informed* and *advised* of the sale by Kimball. The omission to answer this allegation, is an admission of it. If Croft was informed of the sale by Kimball to the complainant, that, together with the other circumstances in this case, was sufficient to put him upon inquiry, whether he knew of Kimball's agency or not. The effort here is, to manufacture the defense of innocent purchaser out of facts not quite sufficient to authorize it; and there is a resemblance which it requires care and scrutiny to distinguish from the reality, but it is a mere resemblance.

It is established by the answers and proof, that the owner of the land resided in Montgomery, and had Kimball as his agent in the vicinity of the land in Tallapoosa county; that the defendant Walker applied to Kimball, after, and on the same day with, the complainant's purchase; that, upon being informed of complainant's purchase, he became excited, and declared his intention to circumvent the complainant; that he went forthwith to Croft, his son-in-law, who had never seen the land and knew nothing about it, and procured him to go to Montgomery, and purchase the land for him,—promising that if he would get a good title to it, he would give him (Croft) four hundred dollars, and that Croft could thus have the difference between the sum for which he might buy the land and the four hundred dollars; that Croft accordingly went to Montgomery, and bought the land, before the owner was informed of complainant's purchase, taking the title in his name, and paying the purchase-money, three hundred and twenty dollars; and that Walker afterwards entered upon the land, and cut timber. Waiving the question, whether, upon these undisputed facts in the case, the chancery court ought to hold Croft, though a purchaser without notice, a trustee for the complainant, or permit Walker to accomplish his fraudulent purpose through the instrumentality of Croft; we must at least regard it as exceedingly improbable, that Croft went to Montgomery, and bought the land for his father-in-law, under such circumstances, without some information of the purpose to defeat the purchase by the

Ledbetter v. Walker.

complainant; and we are authorized, upon the admitted facts, to exact from Croft the clearest and most explicit denial of notice.

It is due to the chancellor who decided this case to say, that we have not dissented from his opinion as to the law in any respect; that upon the question of agency, we have followed him; and that the artful omission of the answer to meet the question of *notice*, does not appear to have been brought to his attention, or to have been considered by him.

The decree of the chancellor is reversed, and we proceed to render what we deem the proper decree in the case. It is ordered, adjudged, and decreed, that all the right and title, either at law or in equity, vested in the defendants Croft and Walker, or either of them, to a certain tract of land situated in Tallapoosa county in the State of Alabama, known and described as the north-east quarter of section eighteen (18), township nineteen (19), of range twenty-three (23), be divested out of them respectively, and vested in the complainant, upon the complainant's paying to the registrar of the chancery court for the thirteenth chancery district of the State of Alabama the sum of two hundred and fifty dollars, with interest on one half of that sum from the first of January, 1853, and on the other half from the first of January, 1854; that the said registrar shall pay over the said sum of money to the defendant Croft, and take his receipt for the same; and that defendant Cocke shall deliver the two notes, each for one hundred and twenty-five dollars, given to him for the purchase of said land by the complainant, which are described in complainant's bill, to the said registrar, to be canceled; and that said registrar shall report to the next term of the chancery court of said chancery district.

It is further ordered, adjudged, and decreed, that the defendants Walker and Croft pay the costs of this court, and in the court below; and the cause is remanded to the court below, for further proceedings in the execution of the foregoing decree.

RICE, C. J., not sitting.