[See Case No. 9,049.]

## Case No. 16,180.

### UNITED STATES v. ROCHE.

[1 McCrary, 385.] [1]

Circuit Court, D. Colorado. Dec., 1879.

TRADE MARK—UNCONSTITUTIONAL STATUTES—COMMON LAW REMEDIES—INFRINGEMENT.

1. The decision of the supreme court of the United States holding the trade mark legislation of congress to be unconstitutional and void, does not affect the validity or impair the force of a decree enjoining the use by defendant of a certain label or trade mark, it appearing that the injunction suit wherein said decree was rendered was not a statutory but a common law proceeding.

2. The right of the proprietor of a trade mark to the exclusive use of the same, and to protect and enforce his exclusive right by proceedings in chancery, exists by virtue of the common law, and independently of the statute.

3. The defendant had no right to imitate the trade mark of the plaintiff in the injunction, by using in his label or trade mark any of the prominent or distinguishing words of said plaintiff's trade mark.

[Rule against John Roche to show cause why he should not be attached for contempt for violating an injunction against the infringement of a trade mark.]

McCRARY, Circuit Judge. By decree of this court entered at the June term, 1879, the defendant was, at the suit of the Philip Best Brewing Company and others, perpetually restrained from thereafter using a certain trade mark or label upon bottles of manufactured beer. [Case unreported.] By an order of this court at chambers, made on the twenty-ninth day of September last, it was, after proper showing, ordered that the defendant show cause why he should not be attached or otherwise proceeded against for contempt of the decree aforesaid. In answer to this rule, it is suggested that the supreme court of the United States having in the recent cases of U. S. v. Steffens, and Same v. Johnson, 100 U. S. 82, held the existing congressional legislation on the subject of trade marks to be unconstitutional and void, the decree of injunction above mentioned is a nullity and the defendant is not bound to obey it.

Upon looking into the record we find that the injunction suit was not a proceeding instituted under the statute, but a bill in chancery brought to protect and enforce the plaintiff's exclusive right of property in their

---

[1] [Reported by Hon. Geo. W. McCrary, Circuit Judge, and here reprinted by permission.]

trade mark as that right exists at common law. In the opinion of the supreme court above referred to it is said: "The right to adopt and use a symbol or device to distinguish the goods or property made or sold by the person whose mark it is, to the exclusion of the use of that symbol by all other persons, has been long recognized by the common law and chancery courts of England and of this country, and by the statutes of some of the states. It is a property right for which damages may be recovered in an action at law, and the violation of which will be enjoined by a court of equity with compensation for past infringement. This property, and the exclusive right to its use, were not created by the act of congress and do not now depend upon that act for their enforcement. The whole system of trade mark property and the civil remedies for its protection existed long anterior to the act of congress and remain in full force since its passage." It follows beyond all doubt that the validity of the decree heretofore rendered against the defendant is in no wise affected by the decision of the supreme court holding the trade mark legislation of congress to be unconstitutional.

It is, however, further insisted that the label or trade mark now being employed by defendant is not so nearly like that of the plaintiffs in the injunction as to deceive a person of ordinary caution. This point, even if sound, comes too late. By reference to the decree, which was entered by consent, it will be seen that the defendant was, among other things, enjoined from using any label whatsoever bearing thereon the words "Best Brewing Company." These words are placed conspicuously upon the label which the defendant by his own admission has been, since the injunction, and is now, placing upon bottles of beer manufactured and sold or offered for sale by him. He has therefore violated the plain terms of the injunction. If, however, the question was still an open one, we should hold, without hesitation, that the defendant is rightfully enjoined from using a label bearing the words "The Best Brewing Co." or "The Best Brewing Co.'s Export Beer." These are the prominent and distinguishing words upon the label or trade mark now in use by the defendant as they are likewise upon the trade mark or label of the plaintiff in the injunction. The defendant has no right to imitate the trade mark of the plaintiff in the injunction by copying therefrom any of these prominent or distinguishing words. The use by the defendant of a label bearing these words is, in our judgment, well calculated to deceive even the cautious and careful purchaser, by leading him to infer that it is the trade mark of plaintiff in the injunction.

The showing of cause by the defendant is held to be insufficient, and it is accordingly ordered that an attachment issue against him returnable the first day of the next term of this court, and that upon service of the same the defendant enter into bond in the sum of one thousand dollars, with surety to be approved by the clerk, conditioned that he will appear on the first day of the next term of this court and abide such further order as the court may then make, and that in the meantime he will obey the decree of injunction aforesaid.