## WALLACE *v.* GERMAN-AMERICAN INS. CO.

*(Circuit Court, N. D. Iowa. July, 1882.)*[1]

**1. FIRE INSURANCE—ARBITRATION—ACTION.**

A policy of insurance provided that, in case differences should arise touching any loss, the matter should, "at the written request of either party," be submitted to arbitrators, whose award should be binding as to the amount of the loss, but not as to the company's liability; also that no suit or action against the company for any claim under the policy should be sustainable in any court of law or chancery until after an award should be obtained, fixing the amount of such claim, "in the manner above provided." *Held,* that it was not necessary for the assured to request an arbitration, and, where none had been requested by the company, he might maintain his action without an award having been made.

**2. SAME—CONSTRUCTION OF POLICY.**

When the words employed by an insurance company in a policy, of themselves, or in connection with other language therein, or in reference to the subject-matter to which they relate, are susceptible of the interpretation given them by the assured, although in fact intended otherwise by the insurer, the policy will be construed in favor of the assured.

At Law. On motion for a new trial.

For decision on demurrer, see 2 Fed. Rep. 658.

*Shiras, Van Duzee & Henderson,* for plaintiff.

*Hubbard & Clark* and *Henry Rickel,* for defendant.

McCRARY, J. This is an action upon a policy issued by defendant to plaintiff to insure him against loss by fire upon a certain building therein described. There was a trial by jury, and a verdict for plaintiff for $1,788.78. The case is now before the court on a motion for a new trial. It is insisted that, under the terms of the policy sued on, an arbitration fixing the amount of the loss is a condition precedent to plaintiff's right to maintain this action. The same question was raised at an early stage of this proceeding by demurrer to the replication, and was decided adversely to the defendant. 1 McCrary, 335, 2 Fed. Rep. 658. We are asked to reconsider the question upon the ground that it was not fully argued by counsel at the time of the hearing upon demurrer. There can, we think, be no valid objection upon the part of the court to reconsidering, upon final hearing, any question passed upon in the preliminary proceedings, especially in a case where our judgment must be final; the sum involved not being sufficient to authorize a writ of error. The policy contains the following provisions: In the ninth clause or condition it is provided that—

"In case differences shall arise touching any loss or damage, after proof thereof has been received in due form, the matter shall, at the written request of either party, be submitted to impartial arbitrators, whose award in writing shall be binding on the parties as to the amount of such loss or damage, but shall not decide the liability of the company under this policy."

The eleventh clause or condition contains the following:

"It is furthermore hereby provided and mutually agreed that no suit or action against the company for the recovery of any claim by virtue of this pol-

[1] Publication delayed because of failure to receive copy.

icy shall be sustainable, in any court of law or chancery, until after an award shall have been obtained, fixing the amount of such claim, in the manner above provided."

It is undoubtedly competent for the parties to a contract to agree that damages claimed by either party under it shall be ascertained by an arbitration, and that no suit shall be brought until after such an arbitration has been had; but a contract which is intended to deprive the parties to it of the right of an appeal to the courts for redress, or to place conditions and limitations upon that right, should be strictly construed. And this is especially true of contracts which, like the one before us, embody numerous special provisions and conditions, prepared and printed by one of the parties. By a liberal construction of the above-quoted provisions of the policy, it might be held that the assured was bound, as a condition precedent to the right to sue for his loss, to request the insurer in writing to enter into an arbitration; but it cannot be said that, strictly construed, the language must necessarily have this meaning. The first provision above quoted is that, in case of differences touching any loss, they shall, at the written request of either party, be submitted to impartial arbitrators. It is not alleged or claimed that there was a written request by either party for such arbitration. There is force in the suggestion that the language of the contract did not impose the duty of requesting an arbitration upon one party more than upon the other. The language employed might well have induced the belief on the part of the plaintiff that the duty of requesting an arbitration rested upon the defendant if it desired to enforce the provision, or to set it up as a bar to this action. The condition did not absolutely require an arbitration; it only authorized either party to require it by a request in writing. The inference is reasonable that, if neither party requested it in writing, the usual remedies by suit were to remain. It may reasonably be inferred that the parties had in view the possibility that in some cases both would prefer a suit in a court of justice to an arbitration, and therefore left it optional with either party to request in writing an arbitration; intending that, if both declined to make such request, legal proceedings might be resorted to. If this was not the intention of the parties, it is difficult to understand what purpose they had in view in using the words, "at the written request of either party." If it was their purpose to require that, in every case the damages should be ascertained by arbitration, they could have said so in plain terms.

The second condition above quoted must be construed in connection with the first, and so that the two may harmonize. The latter provision declares, in substance, that no suit to recover any loss "shall be sustainable until after an award shall have been obtained, fixing the amount of such claim in the manner above provided." If this provision stood alone, it might well be claimed that, in the absence of an arbitration and award, no suit could be maintained; but it refers to the prior condition respecting arbitration, and the two must be read together. So read, there is ground for holding that the two provisions together authorize either party to demand an arbitration, but do not absolutely require ei-

ther to do so; and that, where either does demand such arbitration, no suit can be maintained until after the amount of damages shall have been in that manner ascertained. We say there is ground for this construction, and we use this language because nothing more is required. If the language employed in the policy leaves the question in doubt, the construction placed upon it, and acted upon by the assured, is to be upheld. A contract drawn by one party, who makes his own terms and imposes his own conditions, will not be ·tolerated as a snare to the unwary; and if the words employed, of themselves. or in connection with other language used in the instrument, or in reference to the subject-matter to which they relate, are susceptible of the interpretation given them by the assured, although in fact intended otherwise by the insurer, the policy will be construed in favor of the assured. As the insurance company prepares the contract, and embodies in it such conditions as it deems proper, it is in duty bound to use language so plain and clear that the insured cannot mistake or be misled as to the burdens and duties thereby imposed upon him. Wood, Ins. 140, 141, and cases cited. If it be held that the conditions above quoted are repugnant or inconsistent, the result is the same; for in that case the provision which is most favorable to the assured will be given effect. Id. 147. The other questions discussed by counsel need not be considered, for the reason that such of them as are of importance or in anywise doubtful are disposed of by the special findings of the jury in answer to interrogatories submitted by the counsel for defendant. Motion for new trial overruled.

LOVE, J., concurs.