# Seymour *et al. v.* Williams.

## *Common Law Action of Ejectment.*

1. *Conveyance of land; sufficiency of description.*—A conveyance of "two acres of land lying in the west half of section 24, township 18, range 29, situated on the southwest part and on line of said property, known as Silas place, situated in Lee county, Alabama," is not void on its face for uncertainty of description; such description being capable of being made certain by proof of the identity of the Silas place.

APPEAL from the Circuit Court of Lee.

Tried before the Hon. A. A. EVANS.

This was a common law action of ejectment, brought by the appellants against the appellee, to recover a tract of land which was described in the complaint as follows: "Two acres of land lying in the west half of section 24, township 18, and range 29, and situated on the southwest part and on line of said property known as the Silas place. The said two acres being the house and lot now occupied by one Dock Williams." The plaintiff claimed the land sued for as the purchaser at the foreclosure sale of a mortgage, and offered to introduce in evidence a mortgage executed by the defendant and others to A. I. and M. E. Seymour, and also a deed executed by A. I. and M. E. Seymour to the plaintiff. In the mortgage and in the deed, the lands conveyed were described as set out in the opinion. The defendant separately objected to the introduction in evidence of the mortgage and of the deed, upon the ground that the description of the lot in said mortgage and said deed, respectively, was too indefinite. The court sustained each of these objections, and to each of these rulings the plaintiff separately excepted. There were other rulings upon the evidence, consequent upon the exclusion of the mortgage and the deed, but it is unnecessary, under the present opinion, to set out the facts in reference thereto.

On account of the adverse rulings of the court upon the evidence, the plaintiff took a non-suit with bill of exceptions. From a judgment in favor of the defendant the plaintiff appeals, and assigns as error the rulings of the trial court upon the evidence.

T. L. KENNEDY, for appellants.—The court erred in sustaining the objection of defendant to the introduction as evidence by the plaintiffs of the deed from A. I. Seymour and M. E. Seymour to A. B. Seymour, and the mortgage to A. I. Seymour. There was sufficient description of the two acres of land sued for to make it certain.—*Caston v. McCord*, 130 Ala. 318, and authorities; *Moody v. R. R. Co.*, 124 Ala. 195; *Clements v.*

[Seymour *et al.* v. Williams.]

*Pearce,* 63 Ala. 284, 26 South. 952; *Green v. Dickson,* 119 Ala. 346, 24 South. 422; 72 Am. St. Rep. 920; *Clement v. Draper,* 108 Ala. 211; 19 South. 25; *Webb v. Land Co.,* 105 Ala. 471; *Homan v. Stewart,* 103 Ala. 644.

No counsel marked as appearing for appellee.

McCLELLAN, C. J.—A conveyance of "two acres of land lying in the west half of section 24, township 18, range 29, situated on the southwest part and on line of said property, known as Silas place, situated in Lee county, Alabama," is not void on its face for uncertainty of description. We construe the words used to mean that the two acre lot is in the southwest part of the west half of section 24 and upon the line of that section, and that it, the two acre lot, *is known as the Silas place.* This last expression "known as the Silas place," supplies the means of identification by parole evidence; and the description is certain since it may be made certain by proof of the identity of the Silas place. Of course, if the proof fails to locate any two acres of land in the given subdivision as the Silas place, the plaintiff in this action would fail; but it does not follow upon that consideration that the conveyance is void on its face.

The court erred, in our opinion, in excluding the mortgage from Dock Williams and others to A. I. and M. E. Seymour and the deed from the latter to A. B. Seymour, the plaintiff, from the jury.

The other rulings complained of were consequent upon the exclusion of the mortgage and deed, and it is unnecessary to discuss them.

Reversed and remanded.