[Campbell v. Lombardo.]

# Campbell *v.* Lombardo.

### *Specific Performance.*

(Decided Nov. 14, 1907.   44 So. Rep. 862.)

1. *Brokers; Authority to Sell Land.*—An agent wrote the owner of a lot submitting an offer for the lot of $1,500.00, less commission. The owner replied that he thought $1,700.00 a fair price for the lot and that it would be acceptable to him.  Held, sufficient to authorize the agent or broker to bind the owner by a contract to sell the lot at $1,700.00 gross.

2. *Specific Performance; Contract for Sale of Land; Tender of Purchase Price.*—Where the vendee of land pays a part of the purchase money under a contract providing that the balance need not be paid until the delivery of the deed he is under no necessity to tender the balance before filing a bill to specifically perform the contract, on the vendor's refusal to comply with the contract.

APPEAL from Madison Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by Hattie Lombardo against Dan Campbell for specific performance.  From a judgment for complainant, respondent appeals.  Affirmed.

See former appeal in this case.—*Campbell v. Lombardo,* 39 South. 573.

The contract sought to be enforced was in words and figures as follows:  "Huntsville, Ala., June 4, 1903. Received of Mrs. Hattie Lombardo the sum of $10 in part payment of lot this day sold her for $1,700 cash.  Said lot is situated in the city of Huntsville, state of Alabama, on the corner of Arms and Church street, owned by Daniel Campbell.  Upon delivery of deed by said Campbell the said Mrs. Lombardo is to pay the balance of the $1,700, namely, $1,690.  [Signed] Hattie Lombardo.  Jones & Rison, Agents for Daniel Campbell."  The bill contained an averment of an offer and readiness and willingness to pay, and the bill avers that the

property referred to is lot No. 13, Block No. 297, in the city of Huntsville. The evidence tended to show that Jones & Rison wrote Campbell that they had an offer of $1,500 for the property and advised an acceptance of it, at the same time stating that their commissions would be $75, netting him for the property $1,425. In reply to this letter Campbell wrote on May 15, 1903, to Jones & Rison as follows: "Yours of the 12th inst. to hand. Will say don't sell for the price offered. * * * I think $1,700 is a fair price and would be acceptable to me. [Signed] Daniel Campbell." On June 4th the above set out contract was made. On July 2, 1903, Campbell wrote Jones & Rison as follows: "Your letter and check for $38 received. I have decided to hold the place longer, and will not sell for less than $1,700 net; that is, $1,700 clear of your commission."

OSCAR R. HUNDLEY, for appellant. The allegations and proof did not justify the decree in this case.—*Whisnant v. Gordon,* 101 Rla. 257; *Westbrook, et al. v. Hayes,* 137 Ala. 572. No contract was shown authorizing the agent to execute it.—*Brown v. Weaver,* 113 Ala. 231; *Ryder v. Woods,* 35 South. 46; 26 A. & E. Ency. of Law, 21. The three things necessary to establish plaintiff's case, first, the authority of Jones & Rison, to make the contract, second that the contract was the one authorized, and third, the establishment of these two facts, were not met.—*Carlisle v. Carlisle,* 77 Ala. 339; *Brown v. Weaver, supra.* When a person deals with an agent he does so at his peril.—*Johnson v. Gas Co.,* 90 Ala. 505; *Ladd v. Shaddock,* 90 Ala. 134.

COOPER & FOSTER, and F. T. PETTY, for appellee. That the averments of the bill are sufficient and fully proven need no citation of authorities. No question of tender

is presented by the record.—*Ashurst v. Peck,* 101 Ala. 499. The tender of the price would have been declined and refused so it was not necessary to tender the balance before filing the bill.—*Stewart v. Cross,* 66 Ala. 22.

ANDERSON, J.—When this case was here on former appeal this court held, and properly so, that the contract of sale entered into between "Jones & Rison," as agents, and the appellee, Lombardo, was wholly complete and such as could be specifically enforced in equity.—*Campbell v. Lombardo,* 39 South. 573.

The present appeal is intended to question the sale upon the idea that Jones & Rison had no authority to make the contract in question and that the appellant, Campbell, was not bound thereby. The letter from Jones & Rison submitted an offer to "Campbell" of $1,500 for the property, but informed him that it was not net, and that they must have 5 per cent commissions for making the sale. Campbell replied, declining to accept the offer, but made a counter one: "Don't sell for price offered. However, I am thankful for your attention and price offered. I think $1,700 is a fair price and would be acceptable to me." The offer being for a sum with commissions deducted, the reply and counter offer clearly meant that the writer would take $1,700 gross; that is, that amount and the commissions of 5 per cent to be deducted. He did not say $1,700 net, but $1,700, meaning with the conditions annexed as contained in the former offer. The appellant, therefore, gave Jones & Rison authority to make a sale for $1,700, and was bound to carry out the contract made by them with the appellee, if made before a withdrawal or modification of his offer, and which the evidence shows was the case, as his offer to accept the price fixed by him was absolute, and not tentative. The sale was made June 4, 1903,

[Campbell v. Lombardo.]

and there was no attempt to change or modify the offer until July 2, 1903, nearly a month afterward.

"A party who seeks the specific performance of a contract, as a general rule, must show performance on his part, or an offer to perform, thereby enabling the court to render a decree for the defendant, if necessary; but the allegation is formal, and it is sufficient to show ability or willingness to perform, and it may well be doubted whether it is material, when the bill shows that complainant has partly performed, and has been prevented from making full performance by the act of his adversary, and that further offers would not be accepted, if tendered."—*Taylor v. Newton*, 152 Ala. 459, 44 South. 583; *Jenkins v. Harrison*, 66 Ala. 345; *Stewart v. Cross*, 66 Ala. 22; *Ashurst v. Peck*, 101 Ala. 499, 14 South. 541. The proof shows that the complainant had a part of the purchase money, and was ready and willing to pay the rest upon the execution and delivery of a deed, and the contract expressly provided that the other part of the purchase money was not to be paid until the delivery of a deed. It was not, therefore, incumbent upon complainant to make a tender, as Campbell clearly indicated, before the filing of the bill, that he would not execute and deliver the deed, even if one was tendered him by complainant, unlss he got $1,700 net. The bill offers to do equity and to pay over the money as a condition precedent to specific performance.

The decree of the chancery court is affirmed.

TYSON, C. J., and SIMPSON and DENSON, JJ., concur.