(80 South. 852)

HAMILTON v. STONE.    (7 Div. 997.)

(Supreme Court of Alabama. Feb. 6, 1919.)

1. VENDOR AND PURCHASER &#9758;22 — UNCERTAINTY IN CONTRACT — EXPLANATION BY PAROL PROOF.

Contract, whereby respondent agreed to make complainant deed to 40 acres of land "joining the John Edge forty by him paying fifty dollars per year for three years and interest," was not void for uncertainty in lacking description of any particular 40 acres, being capable of being, and having been, made certain by parol proof without violating statute of frauds or rules of evidence as to explanation of written contracts.

2. FRAUDS, STATUTE OF &#9758;129(8)—SALE OF LANDS—PART PERFORMANCE.

Where purchaser of lands by contract which did not describe any particular tract was put into possession of the particular tract of 40 acres, and part of the price was paid, the case was within the exception to the statute of frauds as to the sale of lands.

3. DEEDS &#9758;38(1)—INDEFINITENESS OF DESCRIPTION.

Mere indefiniteness in description of land conveyed by deed, though such as to render instrument prima facie inoperative, does not necessarily have that effect; evidence of extrinsic facts and circumstances being available to identify subject-matter.

4. CONTRACTS &#9758;9(1), 155, 169—UNCERTAINTY —CONSTRUCTION.

Courts are loath to strike down deliberate contract for supposed uncertainty in any of its terms, and, if any are ambiguous and capable of more than one meaning, court will look to situation of parties and their objects to determine true meaning, and especially will construe doubtful terms against party who framed them and who was offering or undertaking to do things in question.

Appeal from Circuit Court, St. Clair County; O. A. Steele, Judge.

Suit by Will Stone against N. O. Hamilton. From a decree for complainant, defendant appeals. Affirmed.

Frank B. Embry, of Pell City, for appellant.

M. M. Smith, of Pell City, for appellee.

MAYFIELD, J. The suit is to enforce specific performance of a contract of sale of 40 acres of land. The bill was filed by appellee against appellant. The hearing was on bill, answer, and proof; and the relief prayed was granted, and respondent appeals.

It is first insisted that the contract of sale was void for indefiniteness and uncertainty, which was as follows:

"Ragland, Ala., Nov. 16, 1913.
"I agree to make Will Stone deed to the forty acres of land joining the John Edge forty by him paying fifty dollars per year for three years and interest from date. Amounts to $150.00 and interest. N. O. Hamilton."

[1] It is claimed that there is not sufficient or certain description of any particular 40 acres of land. Appellant can take nothing by this insistence; the contract is not void for uncertainty, it is capable of and was made perfectly certain by parol proof, and without in the least violating the statutes of frauds, or any rules of evidence as to parol proof to explain or contradict written. None of the parol proof in the least contradicted the writing, but made it perfectly clear, definite, and certain as to the lands to be conveyed and every other one of the terms of the contract of sale.

[2] The case is within the exception of the the statute of frauds as to the sale of lands, and not of the rule. The vendee or purchaser was put into possession of the particular tract of land or 40 acres, and a part of the purchase price paid. There is possibly some dispute as to whether any part of the purchase price was paid, but none that the description was made certain by putting the purchaser in possession. The trial court and the register found that a part of the purchase money was paid, and we are not inclined to disturb this finding.

[3] In this state it has been settled by decisions so numerous as to establish a rule of property that mere indefiniteness in description, though it be such as to render a deed prima facie inoperative, does not necessarily have that effect; that evidence of extrinsic facts relative to the situation of the parties and the circumstances attending the conveyance may be looked to for the purpose of identifying its subject-matter; and that it is only upon the failure of evidence to give certainty to the description that the instrument will be declared void.

[4] Courts are loath to strike down a deliberate contract because of supposed uncertainty in any of its terms; and, if any of these terms are ambiguous and prima facie capable of more than one meaning, the court will look to the situation of the parties and the objects they had in view to determine their true meaning. Especially will the court in such cases construe doubtful terms against the party who framed them, and who is offering or undertaking to do the things in question. Minge v. Green, 176 Ala. 350, 58 South. 381.

As to whether or not the purchaser had performed the terms of the contract so as to be entitled to specific performance, and, if so, the amount due as purchase price, and amount due complainant as rent or damages on account of ousting him of possession, and taking charge of the lands, were all disputed questions of fact, and we find nothing to convince us that the register or chancellor erred in their findings as to these matters.

Finding no errors, the decree of the chancellor is in all things affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.