(87 South. 801)

## PARSONS v. LIUZA. (6 Div. 23.)

(Supreme Court of Alabama.    Dec. 2, 1920.
Rehearing Denied Jan. 13, 1921.)

Specific performance ⬳10(2)—Bill by purchaser, offering to retain one-third of price as security against inchoate dower right, held to state cause of action.

Bill by purchaser for specific performance, in which he offers to pay the purchase price less one-third to be held as security against loss by reason of the inchoate dower right of the vendor's wife, and offering to accept a deed without the signature of the wife, who refused to join therein, the vendor to be allowed the legal rate of interest on the third so withheld and to have a lien upon the land to enforce payment of the deferred amount whenever clear title could be given, states a cause of action.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Bill by Dominick Liuza against Eugene Parsons to specifically enforce a contract to convey land. From a decree overruling demurrers to the bill, respondent appeals. Affirmed.

The bill shows a contract entered into by and between the parties hereto by which Parsons agreed to convey certain lands therein described to Liuza at and for the sum of $5,000, $100 thereof being paid by Liuza to Parsons at the time of the signing of the contract, said $100 to be returned in the event Liuza's attorney should not pass favorably upon Parsons' title. Bill alleges that the abstract of title was furnished and passed on favorably, and that Liuza notified Parsons that he was ready, able, and willing to receive the deeds and make the payments in accordance with the terms of the contract, but that Parsons declined to make said deed, because Parsons' wife would not sign same, whereupon Liuza renewed his offer to perform in all respects, and by the bill states his readiness and willingness and ability to perform. The bill also alleges an offer by Liuza to pay the agreed purchase price and receive a deed without the signature of the wife, less one-third to be held as security against any loss by reason of the inchoate dower of Parsons' wife, Parsons to be allowed the legal rate of interest on the purchase money so withheld and to have a lien upon the land to enforce the payment of the deferred amount whenever a clear title could be given to Liuza.

The facts constituting the agreement marked Exhibit A sufficiently appear above.

McEniry & McEniry, of Bessemer, for appellant.

Counsel insist that there is no equity in the bill, and that the case of Minge v. Green,

176 Ala. 343, 58 South. 384, is wrong in principle, and should be overruled, and in support of their contention they cite the dissenting opinion in said case and the authorities therein cited.

E. E. Wilson and L. Herbert Etheridge, both of Bessemer, for appellee.

The bill was good as against any demurrer filed thereto.    176 Ala. 343, 58 South. 381; 23 Ala. 616; 17 Ala. 295; 36 Cyc. 744.

BROWN, J.    On the authority of Minge v. Green, 176 Ala. 343, 58 South. 381, we hold that the bill was well filed, and is not subject to any of the stated grounds of demurrer.

It is evident from the written agreement attached as Exhibit A to the bill that it was the intention of the parties that respondent would convey a good title to the lands in question to complainant upon the payment of the purchase money by him.    Thrasher & Mitchell v. Pinckard's Heirs, 23 Ala. 616.

While the bill does not in terms aver that the respondent has title to the property, and may be demurrable for this reason, yet this point was not taken by specific demurrer.

The decree overruling the demurrer will be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.