(111 So. 231)
**SADLER v. RADCLIFF. (1 Div. 422.)**

(Supreme Court of Alabama. Jan. 20, 1927.)

**1. Evidence ⬅10(1)—Supreme Court takes judicial knowledge of Mobile Bay, its shores, and islands.**

Supreme Court will take judicial notice of Mobile Bay, its shores, and islands.

**2. Principal and agent ⬅97—Where language employed is ambiguous, doubt will be resolved against vendor, who drafted power on which purchaser acted to his prejudice.**

Where language of written contract is ambiguous, ambiguity will be construed in light of circumstances and objects to be accomplished and doubt resolved against vendor, who framed, gave, and executed power on which purchaser acted to his prejudice.

**3. Principal and agent ⬅96—Where principal uses language in written authority, which misleads, he is bound by construction against him and within language and purpose of contract.**

Principal must use such language that person, relying on his written authority, will not be misled thereby to his prejudice, and, if language. misleads, he is bound by construction against him within language and purpose of contract.

**4. Contracts ⬅170(1)—Construction given contract by parties will be adopted by courts within rules of construction of contracts and statutes obtaining.**

Where purchaser and agents reasonably construed contract as authorizing sale by agents, and vendor, being informed of sale, promised to furnish abstract, thus acquiescing in their

construction, such practical construction by parties should be adopted by courts within rules of construction of contracts and statutes obtaining.

**5. Principal and agent ☞103(7)—Where written authority specified terms on which land should be sold, agent held to have authority to make sale binding on principal (Code 1923, § 8034).**

Where written authority authorized agent to sell land on certain specified terms, and agent sold land on terms specified, and, after execution of contract of sale by agent, principal refused to convey, *held*, agent had authority to sell and evidence same in writing so as to bind principal, under statute of frauds (Code 1923, § 8034), in view of facts shown.

**6. Specific performance ☞29(2)—Description of land held sufficiently definite and certain to entitle vendee to specific performance of contract.**

In contract to convey 80 acres of land owned by S. and located on Mobile Bay in section 31, township 7 south, range 1 west, Mobile county, Ala., description *held* sufficiently definite and certain, or could be rendered certain, so as to entitle vendee to specific performance.

**7. Specific performance ☞10(2)—Where wife refuses to join in conveyance, purchaser entitled to specific performance and withholding of portion of purchase price to indemnify against inchoate dower interest.**

Where wife refuses to join in conveyance by husband, purchaser is entitled to specific performance and withholding of due portion of purchase price to indemnify against inchoate dower interest.

**8. Specific performance ☞127(1)—Purchaser may reserve one-half or one-third of purchase price for inchoate dower interest, as wife may presently appear to be entitled under statute (Code 1907, § 3813).**

Where wife refuses to join in conveyance by husband, purchaser is entitled to reserve one-half or one-third of purchase price, as wife may presently appear to be entitled under Code 1907, § 3813, prescribing quantum of dower estate.

**9. Specific performance ☞127(1)—Where dowress expectant dies before husband, amount reserved by purchaser with legal interest to date should be forthwith paid to vendor.**

Where wife refuses to join in conveyance by husband and dies before her husband, amount reserved by purchaser to indemnify against inchoate dower interest, with legal interest to date, should be forthwith paid to vendor.

**10. Specific performance ☞127(1)—Where dowress expectant survives husband, amount reserved by purchaser falls due on her death, and is payable to vendor's heirs, with interest during vendor's lifetime.**

Where wife, who refuses to join in conveyance by husband, survives her husband, amount reserved by purchaser falls due on her death, and is then payable to vendor's heirs at law or assigns, with interest accruing during vendor's lifetime only.

**11. Specific performance ☞127(1)—Payment of amount reserved by purchaser against inchoate dower interest should be secured by decretal order making it lien on land, or by mortgage.**

Where wife refuses to join in conveyance by husband, ultimate payment of amount reserved by purchaser against inchoate dower interest should be secured by decretal order making it lien on land, or by mortgage, as chancellor may in his discretion determine.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Bill in equity by R. H. Radcliff against R. A. Sadler. From a decree for complainant, respondent appeals. Affirmed.

The written authority of sale given by respondent is as follows:

"Mobile, Ala., May 11, 1925.

"Jos. Espalla, Jr., & Co. Mobile, Ala.—Gentlemen: For value received I authorize you as my only agents to sell the following described real estate in Mobile county, Ala.: 48 acres or three-fifths interest in 80 acres of land in section 31, township 7 south, range 1 west, fronting on Mobile Bay, Mobile county. Price, $1,-350.00; terms, 350.00; cash balance 25.00 per month, with 8 per cent. interest until paid, will furnish abstract, perfect any defects in the title, execute warranty deed to purchaser or purchasers as you direct, conveying to him or them a good title, transfer rent and insurance policies (if any) pro rata from date of cash payment, and pay all taxes due to date, including ———.

"If the above property is sold, I agree to pay your commission, viz. 10 per cent. on the amount of such sale; you to draw the papers, and receive the usual fee therefor. If sold by myself or any other agent, while in your hands, or after being retired, to any person or persons, who had commenced negotiations with you while in your hands, then you are to have your commissions and charges as above stated. In the event that I wish to revoke this authority I agree to give you 30 days' notice in writing of such intention.                R. A. Sadler.

"Witness:
   "Hazel Crabtree.
   "Ruby Obert."

The following is the instrument executed by the agent to complainant and sought to be enforced:

"May 11, 1925.

"Received of R. H. Radcliff the sum of fifty dollars ($50.00) on account and in part payment of three-fifth interest in 80 acres of land, owned by R. A. Sadler, and located on Mobile Bay in section 31, township 7 south, range 1 west, Mobile county, Ala. The balance due for the purchase of this land is thirteen hundred dollars, to be paid as follows: Three hundred dollars more after the title has been found to be good and the balance of one thousand dollars to be paid at the rate of twenty-five dollars per month, with legal interest of 8 per cent. on each note until paid for.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"The owner, Mr. R. A. Sadler, is to furnish an abstract of title down to date at his expense, and, if the title is good, the said R. H. Radcliff is then to complete the trade without delay or forfeit the fifty dollars this day paid as expense money for commissions and so forth due Jos. Espalla, Jr., & Co. Joseph Espalla, Jr., & Co., Agents of R. A. Sadler, Owner."

Inge & Bates, of Mobile, for appellant.

The evidence fails to disclose a contract executed in accordance with the statute, and the bill cannot be maintained. Code 1923, § 8034. A contract authorizing a real estate broker to sell a tract of land is a contract of employment, and does not authorize the broker or agent to sign a contract of sale. Glass v. Smith, 21 Ala. App. 325, 109 So. 170; Id., ante, p. 52, 109 So. 171; De Briere v. Yeend Bros., 204 Ala. 647, 86 So. 528; Minto v. Moore, 1 Ala. App. 556, 55 So. 542; McCullough v. Hitchcock, 71 Conn. 401, 42 A. 81; Hamilton v. Cutts, 17 D. C. (6 Mackey) 208; Davis v. Clausen, 2 Ala. App. 378, 57 So. 79; Montross v. Eddy, 94 Mich. 100, 53 N. W. 916, 34 Am. St. Rep. 323. A contract for sale of land will not be specifically enforced where the land is not described therein with certainty. Howison v. Bartlett, 147 Ala. 408, 40 So. 757; Jenkins v. Harrison, 66 Ala. 345; Phillips v. Adams, 70 Ala. 373. Such description cannot be aided by parol. Shannon v. Wisdom, 171 Ala. 409, 55 So. 102; Mutual B. & L. Asso. v. Wyeth, 105 Ala. 639, 17 So. 45; Nelson v. Shelby M. & I. Co., 96 Ala. 515, 11 So. 695, 38 Am. St. Rep. 116. An agreement to procure the act or consent of the wife of the contracting party cannot be specifically enforced. Code 1923, § 6833. Where a contract is specifically enforced, and the court has ordered retention of a sufficient amount to cover the wife's inchoate dower interest, the court should also order payment of interest to defendant on the amount retained during the lifetime of defendant. Minge v. Green, 176 Ala. 343, 58 So. 381.

Harry T. Smith & Caffey, of Mobile, for appellee.

One employed in writing as agent to sell land, as in this case, has authority by virtue thereof to make a written contract or memorandum thereof which is binding on his principal. The contract here is not a mere brokerage contract. Campbell v. Lombardo, 153 Ala. 489, 44 So. 862; Id. (Ala. Sup.) 39 So. 573; White v. Breen, 106 Ala. 159, 19 So. 59, 32 L. R. A. 127; Ledbetter v. Walker, 31 Ala. 175; Peterson v. O'Connor, 106 Minn. 470, 119 N. W. 243, 130 Am. St. Rep. 618; Bacon v. Davis, 9 Cal. App. 83, 98 P. 71; 1 Mechem on Agency (2d Ed.) § 798. But, if the meaning of the contract of employment be doubtful on account of ambiguous language used therein, the doubt must be resolved against the seller. The purchaser having construed the contract as authorizing a sale, its language being clearly capable of such construction, the seller is bound by such construction. Denson v. Caddell, 201 Ala. 194, 77 So. 720; Minge v. Green, 176 Ala. 343, 58 So. 381; Hopwood v. Corbin, 63 Iowa, 218, 18 N. W. 911; 13 C. J. 545; 6 R. C. L. 854; Wallace v. German-Amer. Co. (C. C.) 41 F. 744; Mobile County v. Linch, 198 Ala. 57, 73 So. 423. The description, when coupled with the agreed fact that Sadler did own three-fifths interest in the particular 80 in that section, and that this was the only land he owned therein, was sufficiently definite. Homan v. Stewart, 103 Ala. 644, 16 So. 35; Howison v. Bartlett, 141 Ala. 593, 37 So. 590; Id., 147 Ala. 408, 40 So. 757; Hamilton v. Stone, 202 Ala. 468, 80 So. 852; 27 C. J. § 320; 25 R. C. L. 651. Any description which is capable of being made certain by parol evidence of the circumstances is sufficient to make a valid deed; and parol evidence is admissible for the purpose. O'Neal v. Seixas, 85 Ala. 80, 4 So. 745; McMillan v. Aiken, 205 Ala. 35, 88 So. 135; Ezzell v. Holland Co., 210 Ala. 694, 99 So. 78. The decree follows the rules as to the amount of purchase price withheld and interest thereon. Minge v. Green, 176 Ala. 343, 58 So. 381; Parsons v. Liuza, 205 Ala. 206, 87 So. 801; Irvin v. Irvin, 207 Ala. 493, 93 So. 517.

THOMAS, J. The bill is for specific performance of a sale of land and sought indemnity against the wife's inchoate dower interest in the event she refused to join in the deed with her husband, in the event the latter was required to convey.

It is admitted that Espalla, Jr., & Co. made the sale of the property on the conditions indicated in the written authority given by Sadler, and that the former evidenced that sale in writing as indicated.

It is pertinent to inquire whether Espalla, Jr., & Co. had the authority to sell and evidence the same in writing, as was done so to bind Sadler under the statute of frauds (Code, § 8034), and whether the writing sufficiently described the land made the subject of the contract. After the execution of the instrument by Espalla, Jr., & Co., defendant wrote that firm:

"I wish to recall my offer for the sale of my property on Mon Luis Island."

[1] This court takes judicial knowledge of Mobile Bay, its shores, and islands. Kay & Son v. Ala. Cotton & Grain Co., 211 Ala. 454, 100 So. 863; Hodge v. Joy, 207 Ala. 198, 92 So. 171; McGowin, etc., Co. v. Camp, etc., Co., 16 Ala. App. 283, 77 So. 433.

In Campbell v. Lombardo, 153 Ala. 489, 44 So. 862, the bill was for specific performance of a contract, receipt for part payment describing the lot, reciting that:

"Upon delivery of the deed by said Campbell the said Mrs. Lombardo is to pay the bal-

ance of the $1,700, namely, $1,690. [Signed] Hattie Lombardo. Jones & Risen, Agents for Daniel Campbell."

The court said that, when the case was considered on first appeal, it was held:

"That the contract of sale entered into between 'Jones & Rison,' as agents, and the appellee, Lombardo, was wholly complete and such as could be specifically enforced in equity." Id. (Ala. Sup.) 39 So. 573, not [officially] reported.

In view of the argument of appellant's counsel, we have examined the original record in the Campbell-Lombardo Case, and note that the third ground of demurrer to the amended bill was:

"Said bill seeks to enforce a contract for the sale of real estate, which shows on its face that it is void under the statute of frauds."

And in Minge v. Green, 176 Ala. 343, 58 So. 381, demurrer to the effect that the bill contains averments as a basis of oral testimony adding to a writing to explain the meaning or intention of the parties not revealed by the written agreement was sustained by the trial court, and the decree was reversed—"sustaining the demurrer was erroneous" held by the majority.

It was declared in White v. Breen, 106 Ala. 159, 168, 169, 19 So. 59, 60 (32 L. R. A. 127), that an agent who has written authority to sell on specified terms is one lawfully authorized to make a note or memorandum of sale within the statute of frauds. There the principal in writing said:

"I will accept the trade if one hundred dollars are paid down as a security—hope you can make a trade."

The agent closed by receipt:

"Sheffield, Ala., Dec. 15, 1890.

"Received from Mrs. Mary T. White one hundred dollars on account of purchase of two houses and lots on Annapolis avenue and one lot on Montgomery avenue belonging to Albert Breen. A. J. Moses, Agent."

The vendor attempted repudiation for failure of the wife's signature. In that case the court observed that—

"The agent, keeping within the scope of his authority," had the right to "make the contract and execute the necessary written evidence binding his principal to its performance." White v. Breen, 106 Ala. 159, 169, 171, 19 So. 59, 61 (32 L. R. A. 127); Bunch v. Garner, 208 Ala. 271, 94 So. 114.

The case of Ledbetter v. Walker, 31 Ala. 175, was where under the old statute verbal authority to an agent to sell was sufficient (Ledbetter v. Walker, 31 Ala. 175; Robinson v. Garth. 6 Ala. 204, 41 Am. Dec. 47), whereas under the later statutes written authority to sell was necessary to authorize an agent to sell real property and to make binding memorandum of contract of sale.

And in Jenkins v. Harrison, 66 Ala. 345, 353, 354, 355, this statutory change was adverted to and the observation made:

"The purpose and object of the statute being no more than the requisition of written evidence of the substance of the contract, signed by the party to be charged, so that he may not be subjected to the mischief which could follow from mere oral evidence; the purpose and object, and the words of the statute, are all satisfied, 'whenever there exists, under the hand of the party sought to be charged, a written statement, containing, either expressly, or by necessary inference, all the terms of the agreement—that is to say, the names of the parties, the subject-matter of the contract, the consideration, and the promise, and leaving nothing open to future treaty. This, therefore, is sufficient to satisfy the statute; and provided this be found, no formality is required; nor does it signify at all what is the nature or character of the document containing such written statement—whether it be a letter written by the party to be charged to the person with whom he contracted, or to any other person, or a deed, or other legal instrument, or an answer to a bill, or an affidavit in chancery, in bankruptcy, or in lunacy.' Fry on Specific Perf. § 344." Ezzell v. S. G. Holland Stave Co., 210 Ala. 694, 99 So. 78; Bunch v. Garner, 208 Ala. 271, 274, 94 So. 114.

It is insisted that Espalla, Jr., & Co. was a mere *broker* rather than an *agent* with authority to sell; that is, was a real estate agent merely to find a purchaser and report to the owner. The subject is discussed in 1 Mechem on Agency (2d Ed.) § 798, saying, among other things, that if it is entirely clear from the correspondence, or negotiations between the parties is such as to create the authority within the statute of frauds, to make a binding contract to sell, such effect will be given, notwithstanding the phraseology used, or the authorization be not in formal terms. The test is, Does the writing or writings constituting the agency or relation of the parties sufficiently indicate that the agent is authorized to "close a binding contract of sale?" Mr. Mechem says:

"This may be merely a question of the construction of the words used, or it may be an inference of fact as to intention to be decided like other similar questions." 1 Mechem on Agency (2d Ed.) p. 572, § 798.

[2] If the meaning of the written contract be of doubtful import on account of ambiguous language employed by the seller, the ambiguity will be construed in the light of the circumstances and objects to be accomplished, and the doubt resolved against the seller, who framed, gave, and executed the power on which the purchaser acted to his prejudice; that is to say, such is the result unless the contract would be annulled or other rules of construction will be ignored by such construction placed upon the contract under consideration. Denson v. Caddell, 201

Ala. 194, 196, 77 So. 720; Minge v. Green, 176 Ala. 343, 348, 351, 58 So. 381.

[3] It was the duty of Sadler to have used such language as that one relying upon his written authority be not misled thereby to his prejudice. Hopwood v. Corbin, 63 Iowa, 218, 18 N. W. 911; McEvoy v. Security Fire Ins. Co., 110 Md. 275, 73 A. 157, 159, 22 L. R. A. (N. S.) 964, 132 Am. St. Rep. 428; Wallace v. German-American Ins. Co. (C. C.) 41 F. 742. And when Radcliff construed the contract as due authority for the sale and in accordance with its reasonable or clearly susceptible construction, Sadler was at fault or was bound by the construction that was against him and within the language and purpose of the contract.

[4] Aside from the foregoing, the buyer and agents reasonably construed the contract within its terms and language as authorizing a sale by the agents, and the seller or vendor, being informed of the sale, promising to furnish abstract, was an acquiescence in the construction of the contract by the buyer and agents. Such practical construction during the consummation of the sale should and usually will be adopted by the courts, within the rules of construction of contracts and statutes obtaining. Jefferson Plumbers & Mill Sup. Co. v. Peebles, 195 Ala. 608, 71 So. 413; McGowin Lbr. Co. v. Camp Lbr. Co., 16 Ala. App. 283, 77 So. 433.

[5] Within the application of these rules, and the evidence before us, we entertain no doubt of the agent's authority to sell as he did, and evidenced by the writings to bind Sadler.

[6] The description was sufficiently definite and certain (Angel v. Simpson, 85 Ala. 53, 3 So. 758; McMillan v. Aiken, 205 Ala. 35, 44, 88 So. 135; Wright v. L. & N. R. Co., 203 Ala. 118, 82 So. 132; Ala. Cent. R. Co. v. Long, 158 Ala. 301, 305, 48 So. 363; Howison v. Bartlett, 147 Ala. 408, 40 So. 757; s. c., 141 Ala. 593, 37 So. 590; Head v. Sanders, 189 Ala. 443, 445, 66 So. 621; Homan v. Stewart, 103 Ala. 644, 16 So. 35; Hamilton v. Stone, 202 Ala. 468, 80 So. 852; Parker v. Jefferson Co., 209 Ala. 138, 95 So. 364; Ezzell v. Holland Stave Co., 210 Ala. 694, 99 So. 78), or may be rendered certain within the rule obtaining in this jurisdiction (Ezzell v. Holland Stave Co., supra; Matthews v. Bartee, 209 Ala. 25, 95 So. 289; McMillan v. Aiken, supra; Dixie Ind. Co. v. Benson, 202 Ala. 149, 153, 79 So. 615; Reynolds v. Trawick, 197 Ala. 165, 72 So. 378; Nolen v. Henry, 190 Ala. 540, 545, 67 So. 500, Ann. Cas. 1917B, 792; Seymour v. Williams, 139 Ala. 414, 36 So. 187; Caston v. McCord, 130 Ala. 318, 30 So. 431; O'Neal v. Seixas, 85 Ala. 80, 83, 4 So. 745; Reynolds v. Shaw, 207 Ala. 274, 92 So. 444; Head v. Sanders, supra).

In Nelson v. Shelby, etc., Co., 96 Ala. 515, 11 So. 695, the memorandum considered was held sufficient in all respects except the "terms of payment."

In Howison v. Bartlett, 147 Ala. 408, 412, 40 So. 757, 758, it is declared:

"The reason for this principle is obvious, and was stated by Judge Story in this language: 'For a court of equity ought not to act upon conjecture; and one of the most important objects of the statute of frauds was to prevent the introduction of loose and indeterminable proofs of what ought to be established by solemn, written contracts.' 1 Story's Eq. § 764. While the foregoing is true, yet it is equally true that it is not indispensable that the land should be so accurately described as to leave no doubt as to what is meant; evidence dehors the contract being admissible to explain ambiguous terms, under the maxim, 'That is certain which may be made certain.' This principle was recognized in the opinion of the court on the former appeal in this case in this language: 'Neither the statute of frauds nor any principle governing specific performance requires such definite description of the land as to preclude the necessity for a resort to extrinsic evidence, such as will render the given description certain.' Waterman on Specific Performance, § 144; Bass v. Gilliland's Heirs, 5 Ala. 761; Meyer v. Mitchell, 75 Ala. 475; Angel v. Simpson, 85 Ala. 53, 3 So. 758; Driggers v. Cassady, 71 Ala. 529; Howison v. Bartlett, 141 Ala. 593, 37 So. 590; Homan v. Stewart, 103 Ala. 644, 16 So. 35."

In Matthews v. Bartee, 209 Ala. 25, 95 So. 289, the case of Alba v. Strong, 94 Ala. 163, 164, 10 So. 242, is adverted to as declaring the rule under the statute of frauds and held that the memorandum contract for sale of land not uncertain or indefinite within the statute, viz. "327 acres more or less located 1½ miles west of Roxana, in Lee and Tallapoosa counties, Ala., known as the Matthews place." The description of the property condemned in Alba v. Strong, supra, was:

" 'The Fernland mill site, and pine lands near thereto, comprising some eight thousand acres, more or less, and the railroad and rails connected therewith, with the tram cars thereon;' and these words were added in the deed, in further description of the three tracts of land; 'the last-described tracts of land being more particularly described in the deed made July 18, 1881, by Garland Dees and wife to A. C. Danner & Co.' "

And Mr. Chief Justice Stone observed of its defect:

"In the case in hand, the writing neither expresses the quantity of the land, nor any description by which it can be determined what land was intended to be bought or sold. This, according to the averments of the bill, rests entirely in parol. The chancellor did not err in sustaining the demurrer to the bill."

The case of Shannon v. Wisdom, 171 Ala. 409, 55 So. 102, is not to the contrary. The court was passing upon demurrers to a complaint where the description was indefinite, as "6,000 acres, more or less, in the north portion of Winston county," and like descriptions as to lands in other named counties, "aggregating 7,238 acres." The complaint did

not allege that the vendor owned the land indicated, or that it was all of the land he owned in said respective counties, and the demurrer was properly sustained.

In Homan v. Stewart, 103 Ala. 644, 16 So. 35, the bill was for specific performance and the statute of frauds was set up (Head v. Sanders, 189 Ala. 443, 66 So. 621), and the maxim of "Id certum est quod certum reddi" was applied. Such was the effect of Hamilton v. Stone, 202 Ala. 468, 80 So. 852. And Howison v. Bartlett, 141 Ala. 593, 37 So. 590, and Angel v. Simpson, 85 Ala. 53, 3 So. 758, refute the contention that the memorandum was not sufficient because parol evidence was required to supply the description employed in the memorandum of sale.

In De Briere v. Yeend Bros. Realty Co., 204 Ala. 647, 86 So. 528, the real estate agent or broker was authorized to sell on terms indicated, written offer to purchase, but it is not indicated on what terms. The owner accepted the offer in writing. The expression, "That feature of the agreement was satisfied when the written contract or memorandum, binding both seller and purchaser, was efficiently signed by Robinton and appellant," was not a holding that the authorized agent may not have bound the principal had the proposition of purchase been considered with the terms of the agency and the conditions of the sale.

In Minto v. Moore, 1 Ala. App. 556, 55 So. 542, and Davis v. Clausen, 2 Ala. App. 378, 57 So. 79, the property was merely listed with the agent for sale without a specific price being fixed. It was therefore necessary to submit any offer of purchase to the owner for acceptance or rejection.

The case of Glass v. Smith, 109 So. 170;[1] 109 So. 171,[2] merely passed upon the plea of coverture as a defense to a suit against a married woman for breach of contract whereby her separate real property was placed in agents' hands for sale on commissions; the husband not joining in the writing.

[7] The case of Minge v. Green, 176 Ala. 343, 353, 58 So. 381, to the effect that when the wife refuses to join in the conveyance by the husband the purchaser is entitled to specific performance and the withholding of a due portion of the purchase price to indemnify against the inchoate dower interest, has been reaffirmed in Parsons v. Liuza, 205 Ala. 206, 87 So. 801; Irvin v. Irvin, 207 Ala. 493, 93 So. 517.

[8-11] The rules as to interest on the amount reserved in lieu of the inchoate right of dower and merely to indemnify are:

"(1) The amount of the reservation should be one-half or one-third of the purchase price, as the wife may presently appear to be entitled under section 3813 of the Code, prescribing the quantum of the dower estate.

"(2) If the dowress expectant die before her husband, the amount reserved, with legal interest to that date, should be forthwith paid to the vendor.

"(3) If she survive her husband, the amount reserved falls due upon her death, and is then payable to the vendor's heirs at law or assigns, with legal interest accruing during the vendor's lifetime only.

"(4) The ultimate payment of the amount reserved should be secured by a decretal order making it a lien on the land, or else by a mortgage on the land conditioned and payable as above prescribed, as the chancellor may in his discretion determine." L. R. A. 1917F, 599, note.

The decree was in accordance with the foregoing rule.

The decree is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.

[1] 21 Ala. App. 325.     [2] Ante, p. 52.