## HODGES v. DAWES & CO.

1. One who purchases goods in the name of another, is not liable to be charged as a partner, although he is to receive one-half of the nett profits of all the purchases made by him, if it appears that he is in fact an agent only, and that the agreement to share the profits is only a mode of compensation.

WRIT of Error to the Circuit Court of Mobile county.

Assumpsit by Dawes & Co. against Hodges, to recover the amount of an account for a carriage and setts of harness.

At the trial, the deposition of one Mitchell, was offered by the plaintiffs, and resisted by the defendant, upon the ground that the witness was interested in the event of the suit.

The witness deposed, that he was the agent of the defendant, under a written power of attorney, which he produces and proves. Under this he purchased a carriage and setts of harness from the plaintiffs, to be paid for by three drafts, drawn by him on the defendant. The bill was made in the name of the defendant, and the drafts given, but not accepted or paid by the defendant, as he informed the witness. Neither of them had been paid by the witness, nor had payment been demanded from him.

Upon cross examination, he deposed, that he had half the profits of the business after expenses were paid; these were his commissions; this was the agreement under which he made purchases of carriages and harness for the defendant; there were no articles of agreement between the witness and the defendant, but the terms stated were made verbally, and the witness, according to them, undertook to do the business. Witness shared in the profits and losses made in the business, but does not recollect that

any thing was said about sharing losses at the time the witness and the defendant entered into the agreement. The defendant stated, there would be no losses; on a final settlement of witness' business with the defendant, he shared the losses as well as the profits. If there had been no profits, he would not have been entitled to pay from the defendant.

On the direct examination being resumed, the witness deposed that it did not occur to him when the agreement was made, that he was to be responsible for losses, because the defendant said, there would be none, and he first received information that he would be held responsible for losses when the defendant wrote him, that paper had been taken for carriages which was not paid, and for which the witness would be charged his share of the loss.

The deposition was admitted, and this is now assigned as error.

LESESNE, for the plaintiff in error, insisted, that the witness was a partner, to all intents and purposes, and liable to the plaintiffs as such; therefore, he is directly interested in making as many more liable to them as he can. [Marquand v. Webb, 16 John. 89; Ripley v. Thompson, 12 Moore, 55; Pool v. Lewis, 1 Ala. Rep. N. S. 65.]

P. HAMILTON, contra, insisted, that there was no partnership inter se, by the understanding of the parties. If not partners inter se, will they be regarded as such as to third persons?

[Collyer on Part. 14, 20; 17 Mass. 206; 10 John. 226; 3 Kent, 33; 3 Pick. 435; 6 ib. 335; Story on Part. 47 to 75.]

But if the witness is a partner, is not the defendant, after constituting him an agent, estopped from denying that character? To do so now, involves the plaintiffs in the dilemma of finding other proof of their demand, than the person with whom they dealt as agent.

GOLDTHWAITE, J.—We were strongly inclined at first, to consider the witness in this case and the defendant, jointly liable as partners, to the plaintiffs for the price of the goods purchased by the former in the name of the latter; and that as a consequence of his liability as a partner, the witness was not compe-

tent to fix a liability on another in the same relation. [Lewis v. Post & Main, 1 Ala. Rep. N. S. 65; Ripley v. Thompson, 12 Moore, 55; Marquand v. Webb, 16 John. 89.] But, subsequent reflection has satisfied us that he is not in any manner liable to the plaintiffs, at least, that he is not so from any thing disclosed on the record.

There is much difficulty in ascertaining the precise condition of the law in England, or rather, the exact state of decision upon the liability of parties to third persons, in consequence of a supposed participation or right of participation in the profits of a business. It is certain, there is much difficulty in reconciling all the decisions, even if there is not an absolute disagreement between them. The case of Gaddis v. Wallace, [2 Bligh. 270,] does not seem to differ in any material respect from the case before us.— Lord Eldon, though strongly opposed to the doctrine himself, concedes it to be settled, that if a man stipulates, that as the reward of his labor, he shall have not a specific interest in the business, but a given sum of money, even in proportion to a given *quantum* of the profits, that will not make him a partner; but if he agrees for a part of the profits, as such, giving him the right to an account, though having no property in the capital, he is as to third persons, a partner. [*Ex parte* Hamper, 17 Vesey, 404.] The American cases, though here, too, there is a contrariety of decision, in the main advance the same doctrine which is conceded by Lord Eldon, and in many cases present a state of facts not readily distinguishable from those which arose here. [Perrine v. Harkerson, 6 Halst. 181; Rice v. Austin, 17 Mass. 197; Turner v. Bissell, 14 Pick. 192; Baxter v. Rodman, 3 Pick. 435; Loomis v. Marshall, 12 Conn. 69; Vanderburg v. Hall, 20 Wend, 70.] Mr Chancellor Kent says, that to be a partner (as to third persons) one must have such an interest in the profits, as will entitle him to an account, and give him a specific lien or preference in payment over other creditors. [3 Kent's Com. 4 ed. 25, n. b.] And Mr Justice Story, after a very able examination of the whole subject, concludes, that where one party is stripped of the powers and rights of a partner, and clothed only with the more limited powers and rights of an agent, it seems harsh, if not unreasonable, to crowd upon him the duties and responsibilities of a partner, which he has never assumed, and for which he had no reciprocity of reward or interest. [Story on Part. 74.]

28

A fair interpretation of the contract between the witness and the defendant, will not justify us in considering him in any other relation than a mere agent, and the stipulation that he should be compensated by half the profits upon the business carried on by him as agent, which he says were his commissions, invests him with no *community of interest* in them. He has no right to control them in any manner, and in the event of the bankruptcy of the defendant, he would be entitled to no preference over any other creditor. [Smith v. Watson, 2 B. & C., 401.] It is certainly true, that an agreement to share in the losses, has been considered, and probably is, inconsistent with the idea of the profits being allowed as a mere compensation. [Waugh v. Carver, 2 Hen. Black, 235.] But nothing more can reasonably be inferred from what was said between the parties when considered in connexion with the agency, than that the losses were to be deducted from the profits, and one half the residue paid to the witness. It was upon this basis that their settlement was made, as it seems to us, in entire accordance with the law of the case. We conclude then, that the witness was merely the agent of the defendant, and that on this part of the case, no objection can be sustained to his competency.

On the other points made, it may be said that no liability appears upon the record on account of the drawing of the bill, and as to his liability as a purchaser, without *disclosing* his agency, that is not sustained by the proof, inasmuch as it shows the purchase was made in the name of the defendant.

Judgment affirmed.