## EMANUEL v. DRAUGHN & CRANE.

1. A contract between D & C, and E, by which the former were to furnish the latter goods at cost, to hawk and peddle, adding seven per cent. at such time as E might require, E to furnish a wagon, and to devote his whole time to peddling the goods, the expense of the license, traveling expenses, &c. to be deducted from the amount of the sales, and the balance, or profits to be divided, two-fifths to E, and three-fifths to D & C. The goods and merchandize, as well as the notes received on the sale of the goods, to be at the risk of the parties, in the proportion of two-fifths to E, and three-fifths to D & C, makes the parties, as between themselves, partners.

Error to the Circuit Court of Monroe. Before the Hon. J. Bragg.

This was an action of assumpsit, for goods sold and delivered, and also a count for money had and received. On the trial, a bill of exceptions was taken, which shows, that the plaintiff and defendants entered into a contract under seal, by which, as it is recited, the defendants had employed the plaintiff in error to hawk and peddle goods in the county of Conecuh, or elsewhere, for six months, on the following terms and conditions: The said Draughn & Crane bind themselves for the term of six months, to furnish to B. M. Emanuel, from their store in Claiborne, such goods and merchandize, as the parties may deem best and proper to hawk

and peddle, the goods to be furnished at cost, adding seven per cent. by way of charges for importation, at such times, and as often as the said Emanuel may require. The said Emanuel agrees to furnish a wagon and two horses, and to hawk and peddle said goods, for and on account of said Draughn & Crane, for the term of six months, and to devote his whole time to peddling said goods; and it is agreed, that the expenses of a license, and the expenses of Emanuel in traveling, the repairs of the wagon, and other contingent expenses, shall be deducted from the amount of sales, and the balance, or profits, shall be divided, three-fifths to Draughn & Crane, and two-fifths to Emanuel. The two-fifths to Emanuel, to be in full for the use of the wagon and horses, and the personal services of Emanuel.

It was agreed, that Emanuel should sell the goods for cash, but he was authorized to sell on time, not more than twelve months, when he should deem it best for the interests of all parties concerned. The goods and merchandize, whilst peddling, as well as the notes received on the sale of the goods, to be at the risk and hazard of, three-fifths to Draughn & Crane, and two-fifths to Emanuel. The horses and wagon were to be at the risk of Emanuel. Emanuel was to keep an account of all expenses, and of the goods sold, and to hand over the notes and cash received to Draughn & Crane at the limitation of each trip. The suit was for goods furnished under this contract by the defendants in error, to the plaintiff.

The court charged, that this contract did not make the parties to it partners, *inter se se;* and this charge is assigned as error.

F. S. BLOUNT, for the plaintiff in error.

It is insisted that by the terms of the agreement, the parties created a partnership *inter se se.*

1. They joined together their money, goods, labor and skill, for the purposes of trade. Collyer on Partnership, Perk. 3d Am. ed. p. 12, § 16; Peacock v. Peacock, 2 Camp. Rep. (S. C.) 45; 16 Vesey, 56; Reid v. Hollingshead, 4 Barn. & Cres. 878; 7 Dowl. & Ry. 444; 3 Kent's Com. 5th ed. 24, 25; Story on Part. 19, § 15, and authorities there cited.

2. There was a communion of profit and loss between them. Collyer on Part. 29, § 38; 5 Taunt. R. 74; Champion v. Bostwick, 18 Wend. Rep. 183; Grace v. Smith, 2 Wm. Black. 998; Dob v. Halsey, 16 Johns. 34; Bowman v. Bailey, 10 Vermont Rep. 170; Brown v. Cook, 3 N. H. 64; 5 Wend. 274; Story on Part. 24, § 19.

3. If a partnership existed between the parties, then it is very clear that this action has been improperly brought. One partner cannot sue his co-partner at law, even after a dissolution, unless there has been a settlement of accounts, and a balance struck, which is not the case here. Phillips v. Lockhart, 1 Ala. Rep. 521.

A. B. COOPER, contra.

Draughn & Crane sue Emanuel, and on the trial, a certain agreement is introduced, which Emanuel contends shows a co-partnership between D. & C. and Emanuel; and the question is thus presented, not by any plea or pleading, but upon matters disclosed in evidence.

Are D. & C. and E. partners *inter se se?* This depends upon the intention of the parties, as expressed or implied in the agreement. We contend that it is clearly and plainly to be perceived, upon a reading of the agreement, that neither of the parties intended to enter into, or supposed they were entering into a co-partnership. D. & C. employ Emanuel to hawk and peddle; Emanuel agrees to hawk and peddle for and on account of D. & C., and Emanuel to receive two-fifths in full consideration for the use of his horses, his services, &c. These stipulations manifestly prove that the parties did not intend to create a co-partnership; and shall one of them afterward set up and rely upon a construction—in fact a contract—never made or intended to be made? None of the authorities cited by plaintiff in error disprove the above propositions.

The case of Hodges v. Dawes & Co. 6 Ala. 215, settles this very question. In that case, the party shared in the profits and loss, and yet the court say, that even as to third parties, he was no partner. That case, and the authorities there cited, it seems to us, settles this case. Collyer on Part. 31, and the note; Story on Part. 74.

DARGAN, J.—When two or more persons simply agree to share the profits in any trade or adventure between them, they will be considered partners; but if one is employed as a mere agent, to conduct, carry on, or aid in the management of the business, and it is agreed that he shall receive a certain portion of the profits in *lieu* of compensation, the contract will not be a partnership.  6 Ala. Rep. 215; Coll. on Part. 29.  It is often a question of difficulty to determine, when the contract creates a partnership *inter se se*, and the decisions, both in England and the United States, are so conflicting on this subject, that to reconcile them is impossible, and a collection of them tends rather to confuse the mind, than to elucidate the question.  The best test, to my mind, is, to consider the intention of the parties, in connection with the rights and obligations each party takes under the contract; and as between the parties themselves, to give effect to this intention.  By this rule, courts will enforce the contract of the parties, and not violate it, or make one; and if we find the intention to be, that one is to bestow his services or skill, and in the stead of compensation, he is to receive a part of the profits, either nett or gross, without assuming the obligations of a partner, he ought not to be held such.

But I have found no case that goes to the length, that the contract can be construed into an agency, or as a contract of employment of a servant, when by its terms, there is a communion of interest, not only in the profits, but also in the losses.  It is true, that when one agrees to receive a part of the nett profits, in *lieu* of compensation, he must have an interest in the losses, for if there be no profits, he receives no compensation.  But as he loses nothing more, such a contract may not create a partnership.  But when the party is entitled to share in the profits, and is bound to bear a portion of the losses, and which may not only exclude him from receiving any thing by way of compensation, but also bring him in debt, which he must pay out of his own funds, then the contract is inconsistent with the nature of an agency, or the simple employment of a servant, and must make the parties to the contract partners.  Watson v. Smith, 2 B. & C. Rep. 401; Waugh v. Carver, 2 H. Black, 235; Coll. on Part. Am. ed. 22.

Let us test this contract by this rule: Emanuel is bound to bear two-fifths of the losses resulting from the bad debts created in the course of the business, and after he receives the goods for the purpose of peddling, they are at the joint risk of the parties, in the same proportion they are to share in the profits. If the goods had been destroyed by any casualty, or if he had been robbed of them, he was bound to bear two-fifths of the loss. These obligations on his part, might not only have deprived him of the share of profits he was to receive, but over and above them, brought him in debt to Draughn & Crane; and this result might have taken place by the terms of the contract, and without any dereliction of duty on his part. Such a contract is, in my judgment, wholly inconsistent with an agency, or the mere employment of a servant, to transact the business; and consequently must make the parties, as between themselves, partners.

The charge of the court was erroneous, and the judgment is reversed, and the cause remanded.