# Sandlin, *et al. v.* Kennedy Stave & C. Co.

*Trespass for Cutting Trees.*

(Decided Feb. 10, 1910. 51 South. 622.)

1. *Appeal and Error; Record; Matters Necessary to be Shown.*— Where an effort was made to amend a complaint, but no allusion to this effort to amend or the action of the court thereon is made in the bill of exceptions, the matter will not be reviewed on appeal.

2. *Same; Review; Directing Verdict.*—Where the bill of exceptions does not purport to contain all or substantially all of the evidence, the presumption will be indulged that there was evidence authorizing the action of the court in directing the verdict, and such action will not be reviewed on appeal.

3. *Evidence; Offer of Compromise.*—The evidence of an attempt to adjust a matter in controversy, and the propositions made pro and con relative thereto is not admissible.

APPEAL from Lamar Circuit Court.

Heard before Hon. JOHN H. BANKHEAD, JR., Special Judge.

Action by Alfred R. Sandlin and others, against the Kennedy Stave & Cooperage Company, for trespass to land. Judgment for defendant and plaintiff appeals. Affirmed.

WALTER NESMITH, for appellant.—Counsel discusses the errors committed in directing the verdict for defendant, in permitting the complaint to be amended and cite authorities in support thereof, which in view of what is said in the opinion is not deemed necessary to be here set out. Counsel also discusses assignments of error relative to evidence, but without citation of authority.

J. C. MILNER, and TYSON, WILSON & MARTIN, for appellee.—The bill of exceptions does not purport to contain all or substantially all of the evidence.—*Western Ry. v. Williamson,* 114 Ala. 131. Under that state of facts the presumption will be indulged that the court was authorized to direct the verdict for the defendant. No action on the amendment is shown by the bill of exceptions, nor is any allusion made thereto, and hence, the court will not review the court's action thereon.— *Bessemer L. Co. v. Tillman,* 139 Ala. 462; *Hatcher v. Branch,* 141 Ala. 410.. The evidence sought was to the matters happening in an effort to compromise or settle the differences, and was inadmissible.—*Collier v. Coggins,* 103 Ala. 281; *Jackson v. Clopton,* 66 Ala. 29.

McCLELLAN, J.—The bill of exceptions does not purport to contain all, or substantially all, of the evidence. We cannot, therefore, hold that the court erred in giving the general affirmative charge in favor of the defendants in this case.—*Western Railway Co. v. Williamson,* 114 Ala. 131, 145, 21 South. 827, among others.

[Enterprise Lumber Co. v. Porter & Newton.]

The plaintiffs sought, it appears from the record proper, to amend their complaint by the addition of two counts. The amendment was not allowed. The bill of exceptions contains no allusion to this effort to amend. The action of the court in refusing the amendment cannot be reviewed, unless the matter is presented here by bill of exceptions.—*Bright v. State,* 76 Ala. 96; *Markland v. Albes,* 81 Ala. 433, 2 South. 123.

The only other assignment rests on the action of the court in sustaining the defendants' objection to this question, propounded to one of the plaintiffs: "What did Moseley offer to pay you for the timber he had cut?" It appears from the bill that the offer inquired about was made in an effort to adjust the matter of controversy; in short, related to a statement uttered in the course of negotiations looking to a compromise. Under a familiar rule, the question sought to elicit inadmissible matter.

The judgment must be affirmed.

Affirmed.

DOWDELL, C. J., and SAYRE and EVANS, JJ., concur.