# Globe Tailoring Company v. Seibold.

*Assumpsit.*

(Decided May 13, 1913. 62 South. 384.)

1. *Evidence; Offer of Compromise.*—Evidence of an offer of settlement made by defendant is not admissible, where it appears that if made, it was made in an effort to compromise a dispute.

2. *Trial; Taking Question From Jury.*—Where the action was for an account due for suits sold through the agency of defendant, and charged to him, and the defendant claimed set off for goods returned, and for commissions lost through price cutting of plaintiff, and it appears that defendant has frequently complained of the price cutting, and had been assured that it would be fixed alright, a charge asserting that defendant was not entitled to a set off for any claim after January 1, 1911, was properly refused, even though the evidence was undisputed that at that time he sent plaintiff a check as payment of the account, as the jury might have inferred that the settlement was in full of all matters, except the item which the parties had agreed to treat as unadjusted.

3. *Same.*—Under the evidence in this case, the court could not properly take the matters in dispute away from the jury and direct a verdict for plaintiff.

[Globe Tailoring Company v. Seibold.]

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by the Globe Tailoring Company against W. Seibold. Judgment for defendant, and plaintiff appeals. Affirmed.

The defense was the general issue, payment, and set-off, the facts of which sufficiently appear from the opinion. Charge 1, requested by and refused to plaintiff, was as follows: "The court charges the jury that if they believe the evidence there can be no recovery by the defendant for any difference in prices for goods sold him by the plaintiff prior to January 1, 1911." Charge 2 was the affirmative charge for the plaintiff.

JOHN A. LUSK & SON, for appellant. Plaintiff had a right to have on cross-examination an explanation of the terms of a letter which were uncertain and ambiguous.—82 Ala. 302; 76 Ala. 428; 75 Ala. 209. The answer would also have been competent as showing that defendant ratified the acts of plaintiff, and made no claim for differences in the price.—148 Ala. 434; 29 Ala. 221; 86 Ala. 339; 94 Ala. 346; 22 Ala. 667; 38 Ala. 208; 101 Ala. 11. Such ratification would be irrevocable.—68 Ala. 167. Charge 1 should have been given.—129 Ala. 637; 128 Ala. 396; 68 Ala. 167. On the same authorities, the affirmative charge should have been given.

STREET & ISBELL, for appellee. Counsel discuss the errors assigned but without citation of authority.

WALKER, P. J.—To this action on an account the defendant (the appellee here) pleaded the general issue, payment, and set-off. The plea of set-off was supported by evidence tending to prove the following state of facts: Under a contract between the parties the de-

fendant was to assist the plaintiff's representative in getting orders at Guntersville for tailor-made clothing, the business being conducted in the following manner: The plaintiff's representative took the necessary measurements and made contracts with the customers for clothing, which was shipped to and charged against the defendant, subject to be returned to the plaintiff if the garment did not fit, in which event the defendant was entitled to have credit for the price of the garment returned. The defendant's compensation was to be the difference between the "dealer's price," with which the defendant was chargeable, and a higher price, called the "customer's price," at which the clothing was to be sold; the two prices being shown on a list of prices furnished to the defendant. The defendant's claim was that he was entitled to credit for some clothing returned by him pursuant to the contract and to the part of his agreed compensation, which he had not received as the result of the plaintiff's representative in a number of instances without the knowledge or consent of the defendant, making contracts with customers at prices lower than the "customer's price" stated in the list. The dealings between the parties extended over several years; evidence for the defendant tending to show that he repeatedly complained of the plaintiff's representative's cutting prices, and that the latter would tell the defendant every season that "he would fix it up," and that, on the faith of these assurances, the defendant "just kept going along."

It was not error to sustain the defendant's objection to the question propounded to him, "You agreed to settle if they would allow you that reduction, didn't you?" It appears from the bill of exceptions that if the defendant made the offer inquired about he did so in an effort to adjust or compromise a claim against him, the cor-

rectness of which he was disputing. Under a familiar rule the evidence called for by the question was not admissible.—*Sandlin v. Kennedy Stave, etc., Co.,* 165 Ala. 577, 51 South. 622.

The contention of the appellant that it was entitled to the instruction embodied in charge 1 requested by it is based upon the circumstance that there was undisputed evidence to the effect that in January, 1911, the defendant remitted to the plaintiff a check for an amount stated to be in full settlement of the account to that date, except as to one suit of clothes, claimed by the defendant to have been returned, but which the plaintiff claimed it had not received. In view of the evidence tending to show that at the time that remittance was made, and after that time, the defendant was claiming that he had been deprived, in the way above indicated, of a part of the compensation to which he was entitled, and that this claim of his continued to be treated by the plaintiff as a matter for future adjustment, the inference would not have been unwarranted that the remittance in question was made and accepted as a full settlement of the plaintiff's claim against the defendant for the price of the clothing shipped to the latter, except as to the one item mentioned, but not of the counterclaim of the defendant in reference to his compensation, which both parties continued to treat as an unadjusted matter. In this condition of the evidence the court was justified in declining to give a charge which assumed that that counterclaim, so far as it was based upon transactions prior to the date referred to, had been settled or adjusted.

In the absence of affirmative and undisputed evidence of the correctness of the account sued on, or that the amount properly chargeable against the defendant was greater than the amount which there was evidence tend-

ing to prove was due to him from the plaintiff, the latter was not entitled to the general affirmative charge requested in its behalf. Whether or not the account offered in evidence was correct, and whether or not the balance was in favor of the plaintiff, were matters of inference for the jury.

Affirmed.