(80 South. 36)

WALKER et al. v. AMERICAN AGRICULTURAL CHEMICAL CO. (3 Div. 363.)

(Supreme Court of Alabama. Nov. 14, 1918.)

1. APPEAL AND ERROR ☞1005(1)—REVIEW— DENIAL OF NEW TRIAL—STATUTE.

The rule that appellate court will not disturb denial of new trial by judge, who had the witnesses before him and could note their demeanor, still prevails, in spite of recent legislative enactment.

2. EVIDENCE ☞213(2)—ADMISSIBILITY—OFFER OF COMPROMISE — EXTENSION OF PAYMENT.

Testimony relating to a statement or suggestion for extension of time of payment of debt was not inadmissible, as being an offer of compromise.

Appeal from Circuit Court, Montgomery County; Gaston Gunter, Judge.

Suit by the American Agricultural Chemical Company against Calabee J. Walker and husband. From a judgment in favor of the named defendant, plaintiff appeals. Affirmed.

Hill, Hill, Whiting & Thomas, of Montgomery, for appellant.
Ball & Beckwith, of Montgomery, for appellee.

GARDNER, J. This suit was brought by appellee against appellant, Calabee J. Walker, and her husband, M. T. Walker, upon a contract in writing for the purchase price of certain fertilizer.

Appellant's husband admitted his liability, and judgment was rendered against him. The wife, appellant here, interposed the defense that she signed the contract as surety for her husband, and was therefore not bound thereby. It was insisted on the part of plaintiff (appellee) that the contract of purchase was made jointly by the husband and wife, and that the wife was not a surety, but one

of the principals, bound equally with the husband. Lunsford v. Harrison, 131 Ala. 263, 31 South. 24; Gibson v. Wallace, 147 Ala. 322, 41 South. 960.

The evidence upon this issue was, we think, sufficient for submission to the jury, and the affirmative charge requested by the defendant was properly refused.

[1] It is insisted, however, there was error in the refusal of the lower court to grant a new trial upon the ground the verdict was contrary to the great weight of the evidence. The testimony has been very carefully considered by the court in consultation, and no useful purpose would be subserved by a discussion of the same here.

It must be confessed that the question presented by the motion is not free from difficulty. The issue was clearly presented to the jury in the court's oral charge, and determined adversely to appellant. The trial judge had the witnesses before him, and could note their demeanor upon the stand. Under these circumstances, the rule of Cobb v. Malone, 92 Ala. 630, 9 South. 738, still prevails, and is unaffected by recent legislative enactment. Hackett v. Cash, 196 Ala. 403, 72 South. 52; Finney v. Studebaker, 196 Ala. 422, 72 South. 54; Hatfield v. Riley, 74 South. 380.[1] Under the rule established in this court, therefore, and the situation as here presented, we are unwilling to disturb the ruling of the trial court in denying the motion for a new trial.

[2] Certain testimony elicited from a witness for the plaintiff was objected to upon the ground that the same disclosed an offer to compromise, and was therefore inadmissible under the rule recognized in this state. Sandlin v. Kennedy, 165 Ala. 577, 51 South. 622; Collier v. Coggins, 103 Ala. 281, 15 South. 578. Upon examination, however, we find that the testimony related to a statement or suggestion for the extension of payment of the debt until the following fall, and did not relate to a matter of compromise of said indebtedness. There was no reversible error in this action of the court.

It results that we find no error in the record, and the judgment appealed from will be affirmed.

Affirmed.

McCLELLAN, MAYFIELD, and SAYRE, JJ., concur.