(96 South. 483)

## BAINS MOTOR CO. v. LE CROY.
### (6 Div. 874.)

(Supreme Court of Alabama. April 26, 1923.)

1. **Highways ⊸184(3)—Negligence of driver of automobile injuring minor held for jury.**

In an action for injury sustained by a minor through being struck by defendant's automobile driven by defendant's alleged servant, evidence considered in connection with Gen. Acts 1911, p. 642, § 21, governing the speed of automobiles and declaring a speed in excess of 30 miles an hour presumptive of the absence of due care, *held* to make the question of the driver's negligence one for the jury.

2. **Evidence ⊸201—Evidence of admission by automobile owner held admissible to show driver's employment.**

In an action for injuries to a minor struck by an automobile, evidence that defendant had stated he "had sent a man out there and he had run over a little boy" *held* admissible to show that the driver was in defendant's service at the time of the injury.

3. **Trial ⊸194(16), 253(9)—Instructions as to relation between defendant and driver of car properly refused as invading province of jury and as disregarding evidence.**

In action for injuries sustained by a minor through being struck by defendant's automobile driven by his alleged servant, instructions that there was no liability if defendant had no control of the business wherein the driver was engaged, except to receive part of the net profits, *held* properly refused as disregarding evidence and as invading the province of the jury.

4. **Master and servant ⊸301(1)—Instructions on relation of parties sharing in profits held incorrect.**

In action for injuries to one struck by an automobile, instructions that there was no liability if defendant had no control of the business wherein the driver was engaged, except to receive part of the net profits, *held* properly refused as requiring the acceptance of the conclusion of law that the relation of employer and employee did not exist.

5. **Master and servant ⊸332(4)—Instruction held erroneous as predicating proof of agency of automobile driver on too broad basis.**

In an action for injuries caused by an automobile, an instruction that agency may be proved by any fact or circumstance in and about the conduct of the business, and that, if the driver was acting in the line of his authority, verdict should be returned for plaintiff, *held* erroneous as predicating proof of agency on too broad a basis.

6. **Partnership ⊸218(2) — Instruction as to relation between driver of car causing injury and owner held erroneous for vagueness.**

In an action for injuries sustained by a minor through being struck by defendant's automobile driven by his alleged servant, an instruction that, if defendant and the driver of the car were conducting business together and dividing the profits, defendant would be liable,

*held* erroneous as being too vague in respect of its description of the joint concern of the parties in the business, and not good as the submission of liability on the theory of partnership.

**7. Highways ⊚⇒184(4)—Instruction in automobile accident case held erroneous for failing to limit negligence to that proximately causing injury.**

In an action for injuries sustained by a minor through being struck by defendant's automobile driven by his alleged servant, an instruction that, if defendant and the driver of the car were conducting business together and dividing the profits, defendant would be liable, *held* erroneous as omitting to qualify plaintiff's right to recovery to negligence proximately causing the injury.

**8. Highways ⊚⇒184(2)—Opinion evidence as to speed of automobile causing injury and circumstance of its stopping held proper.**

In an action for injuries sustained by a minor through being struck by defendant's automobile driven by his alleged servant, it was not error to admit testimony as to the speed at which the automobile was moving when 700 feet from a curb before striking plaintiff, and the rate of its speed when nearer to plaintiff, as well as the distance within which it was stopped and the circumstances of its stopping, including wheel prints in the roadway or on the bank beside the roadway.

Appeal from Circuit Court, Blount County; Woodson J. Martin, Judge.

Action of Grady Le Croy, by his next friend, W. H. Le Croy, against A. L. Bains, doing business as the Bains Motor Company. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 450, § 6. Reversed and remanded.

Charges 1, 2, and 3, given at plaintiff's request, are as follows:

"(1) The court charges the jury that the damages recoverable under counts 1 and A of plaintiff's complaint, which counts charge simple negligence, the amount of damages recoverable, if you are reasonably satisfied from the evidence he shall recover, is any amount you are reasonably satisfied will compensate the child for the physical pain, mental pain, and anguish, permanent injury, or loss of earning capacity on account of said injury, suffered by the child.

"(2) The court charges the jury that agency may be proved by any fact or circumstance in and about the conduct of the business, and if you are reasonably satisfied from all the evidence that at the time of the accident Brice Bains, Jr., was acting in the line and scope of his authority as such at the time of the accident, then your verdict must be in favor of the plaintiff, if you are further reasonably satisfied the plaintiff is entitled to recover.

"(3) The court charges the jury that, if you are reasonably satisfied from the evidence that A. L. Bains and Brice Bains, Jr., were conducting the business there together and di-

viding the profits of the business to Latham, whilst acting within the line and scope of his authority, A. L. Bains would be liable for the accident if you are further reasonably satisfied that the Bains boy (Brice) was guilty of negligence in running over the child, and in that event your verdict must be for the plaintiff.".

Ward, Nash & Fendley, of Oneonta, and E. T. Rice, of Birmingham, for appellant.

An infant cannot recover for loss of earning capacity prior to attaining majority, and the court should have restricted the measure of damages accordingly. Doullut v. Hoffman, 204 Ala. 33, 86 South. 73; S.-S. S. & I. Co. v. Bearden, 202 Ala. 220, 80 South. 42; 13 Cyc. 147. To prove agency, it is necessary to introduce facts tending to prove said agency, not merely any facts and circumstances of the business. Orman v. Wilson, 203 Ala. 333, 83 South. 57; Zuber v. Roberts, 147 Ala. 512, 40 South. 319; Stafford v. Sibley, 113 Ala. 447, 21 South. 459; Tayloe v. Bush, 75 Ala. 432; Jones v. Strickland, 201 Ala. 138, 77 South. 562.

J. B. Sloan, of Oneonta, and C. E. Wilder and G. M. Edmonds, both of Birmingham, for appellee.

A child has the right to recover compensation for permanent injury or loss of earning capacity. Rosenkranz v. Lindell R. Co., 108 Mo. 9, 18 S. W. 890, 32 Am. St. Rep. 588; Reliance Textile & Dye Works v. Mitchell, 24 Ky. 1286, 71 S. W. 425. Any evidence, otherwise competent, that has a tendency to prove agency or authority of an agent is admissible. 2 C. J. 932; Robinson & Co. v. Green, 148 Ala. 434, 43 South. 797. Charge 3 was properly given. McDonnell v. Battle House, 67 Ala. 90, 42 Am. Rep. 99; Grace v. Smith, W. Black, 998; Collyer on Part. 44; Parsons on Part. 41; Loomis v. Marshall, 12 Conn. 77, 30 Am. Dec. 596; Couch v. Woodruff, 63 Ala. 471.

McCLELLAN, J. Grady Le Croy, a minor suing by next friend, was struck and injured by an automobile then driven by Brice Bains. When injured, the child was walking in a public highway, following its mother. Count 1 of the complaint made parties defendant A. L., A. S., B. M., and W. T. Bains, "partners in trade doing business under the firm name and style of Bains Motor Company." Brice Bains, the driver, was not sued. Under the allegations of counts 1 and A the liability asserted was predicated of the averment that the car's driver was the agent of all of the defendants jointly. Upon the conclusion of the evidence the court instructed the jury that no right of recovery was shown against A. S., B. M., or W. T. Bains. Had the prescriptions of circuit court · rule 35 (175 Ala. xxi) been observed, in advice of the

court, the defendant would have been due the general affirmative charge (as to counts 1 and A) requested because of the failure of the proof to support the indicated material averments of the counts. The case was submitted to the jury on counts 1 and A only. The pleading otherwise was in short by consent. There was judgment for plaintiff for $500.

[1] In view of the whole evidence—particularly when considered in connection with the provisions of section 21 of the act approved April 22, 1911 (Gen. Acts 1911, p. 642), governing the speed of automobiles on public highways under conditions prescribed and declaring a rate of speed in excess of 30 miles an hour presumptive of the absence of due care—it is quite plain that the inquiry whether this driver was negligent on the occasion was a question for the jury. Likewise it is hardly necessary to add that the court did not err in admitting testimony designed, in degree at least, to show the presence on this occasion of the conditions upon which the statute (section 21) founds its rule.

Aside from the matters already alluded to, the material issue in the case was whether the relation of the driver of the car (Brice Bains) to A. L. Bains, the appellant, was such as to render the appellant liable for the driver's acts or omissions under the doctrine of respondeat superior.

The plaintiff undertook to discharge his burden in respect of the last-stated issue by showing such relationship of Brice Bains (the driver of the car) to the Bains Motor Company as constituted Brice Bains the agent or employee of that concern on the occasion of plaintiff's injury, or by showing that Brice Bains was the agent or employee of the Bains Motor Company (under which trade-name A. L. Bains testified he alone conducted the business) in and for the service Brice was engaged in performing when plaintiff was injured. There is no averment in the complaint or claim otherwise that Brice Bains was a partner in the Bains Motor Company. He is alone charged as a servant, agent, or employee in the circumstances averred. The books take account of the fact that there are exceptional occasions, referable to the rights of third persons, when a joint concern of two or more persons in the profits only of an enterprise or business, by those interested and sharing in the conduct of the business, will impute the relation of partners to them. See Couch v. Woodruff, 63 Ala. 466, 472; Tayloe v. Bush, 75 Ala. 432, 436, citing Richardson v. Hughitt, 76 N. Y. 55, 32 Am. Rep. 267, and annotation in 17 Notes to American Reports, pp. 470-472. However, in the present posture of the pleadings and in view of the apparent theory on which the trial was had, the decision of the question mooted is not undertaken.

[2] Over the objections of the defendant the plaintiff was permitted to introduce testimony to these effects: That before the plaintiff's injury one Latham telephoned the Bains Motor Company to send a service car out to repair Latham's car; that, though Latham "asked for Mr. Bains," Brice Bains answered the call and talked to Latham, and that the defendant (A. L. Bains) said to Whited, whom Latham asked to bear a message to defendant in reference to the belated response to his phone call, that he (i. e., defendant) "had sent a man out there and he had run over a little boy." The testimony relating to the mission described and the admission, if found by the jury to have been made, was properly received in evidence. Such testimony was designed to show that Brice Bains was in the service of the defendant on the occasion plaintiff was injured. This testimony made a jury issue of the inquiry whether Brice Bains was in the service of the defendant when the plaintiff was stricken; the evidence otherwise establishing without dispute that Brice Bains was en route to serve Latham when the plaintiff was injured. It is manifest the defendant was not entitled to general affirmative instruction on the merits of the case.

These special requests for instruction were refused to defendant:

"(3) If you believe from the evidence in this case that at the time of the alleged injury little Brice Bains, the person who was driving the car that injured plaintiff, had a contract with Bains Motor Company or A. L. Bains by which the said Brice Bains was to operate the shop in the building where Bains Motor Company did business under a contract by which he was to pay to the said A. L. Bains or Bains Motor Company one-fourth of the net profits of said business, and that the said Bains Motor Company nor A. L. Bains had any control of said business or interest in the same except to receive one-fourth of said net profit, then the relation of master or servant, agent or employee, did not exist between the said Bains Motor Company or A. L. Bains and said little Brice Bains, and under this relation the plaintiff could not recover from the said Bains Motor Company nor A. L. Bains in this case."

"(5) The court charges the jury that if you believe from the evidence in this case that the defendant, A. L. Bains, leased the repair shop in the rear of his building to his son, Brice Bains, under the agreement that the said son operate said repair shop and had full control of said shop, under an agreement to pay one-fourth of the profits of said repair shop to his father and he, said son, should receive three-fourths of the profits of the said shop, your verdict must be for the defendant."

These requests for instruction illustrate the defendant's theory that Brice Bains, the driver, was on this occasion engaged in a service in which defendant had no such interest or relation as to constitute Brice Bains the agent or employee of the defendant. In this particular connection the defendant testified:

"'I remember the date of this accident. At that time I constituted the Bains Motor Company. The business of the Bains Motor Company was Ford dealer, parts and accessories. Little Brice Bains was not employed by the Bains Motor Company, nor was he a partner in the business. Brice Bains was operating the shop under lease and was running his own business. He had the shop leased from me. I first leased the shop to Sam Bains, and under the contract he was to keep up the tools in the shop and give me one-fourth of the profit of the shop. He left on November 1, 1919, and Little Brice took up the contract in the same way. I didn't know Brice had gone on the trip until he came back and told me he had run over a boy. I had nothing whatever to do with sending him out. He had the car that belonged to the shop and was used in the business. I said I had a contract with Sam Bains to go ahead and do the repair work in the shop, and I was to get one-fourth of the profit out of that end of the business, and that little Brice Bains took up this contract and divided the profits with me in that way. I stated that I leased or rented the shop to little Brice Bains for a rental of one-fourth of the profits. He was to buy the supplies for the shop, and I had no connection with that part of it, nor no control over it. I sold accessories to any one who came to buy them, and little Brice Bains would put them on. I leased this shop to Sam Bains to do repairing. I leased him the tools and everything in it. He was to keep the tools up and in as good shape as they were at all times, and was to pay me one-fourth of the profit for rent. My son, little Brice Bains, took over this same contract, and he paid one-fourth of the profits for rent. He bought the extra tools, and I did not furnish any for that business."

After denying he had any interest in the business, Albert Bains, brother of defendant, testified:

"A. L. Bains owned it and sold Ford cars and accessories. I do not think he repaired cars. Repairs were done in little Brice's shop, which is in the same building, but there is a wall between. They take cars in there and work on them. A. L. Bains did business as Bains Motor Company."

In this particular connection Brice Bains testified:

"I had no connection with the Bains Motor Company except the shop. My dad owned and operated the Bains Motor Company. I rented the shop from him and run the shop in my own name and for my individual business. Every month the rent was taken out of the shop account. I do not know how much my father had taken out of my earnings, or what percentage it was, but it was to be one-fourth. My father furnished the material that went into repairing cars and, then we split the profits on the work, he getting one-fourth and I three-fourths. I have charge of the repair department, and I got three-fourths and my father got one-fourth. When we got repairs and accessories from the Bains Motor Company to repair a car with, the man for whom we did the work paid the Bains Motor Company. I did not pay for them myself, but the man who owned the car paid direct. I employ and pay those who work in the shop."

[3, 4] The above-quoted requests for instructions were properly refused for two reasons: First, neither of these requests took due, necessary account of the phase of the plaintiff's evidence tending to show that defendant admitted having sent Brice Bains on the mission to Latham, and hence would have, if given, invaded the province of the jury; second, both of these requests required the acceptance of the conclusion of law that, under the circumstances hypothesized in them, the relation of employer and employee did not at the time exist between defendant and Brice Bains. The theory of these requests does not consist with established doctrine in this jurisdiction, even in cases where the inquiry is between parties to the arrangement. Tayloe v. Bush, 75 Ala. 432, 436; Orman v. Wilson, 203 Ala. 333, 334, 83 South. 57; Zuber v. Roberts, 147 Ala. 512, 40 South. 319; Emanuel v. Draughn, 14 Ala. 303; Hodges v. Dawes, 6 Ala. 215. According to the testimony of the defendant and Brice Bains, the "accessories place" and the "repair shop" were conducted under the same roof, though a wall separated them. Brice is the son of defendant, and only furnished his labor, skill, and time to the enterprise. The tools were supplied by defendant's trade concern; the only obligation resting on Brice being to keep them up. The materials to effect repairs were gotten by customers from the Bains Motor Company, which collected not only for these materials, but also the charges for repairs, settling once a month with Brice by giving him three-fourths of the income on the repair work. The allusions in their testimony to "lease" and to "rent" are referable alone to the real nature and effect of the contract, to its characterizing elements and obligations. Such allusions do not reflect upon the soundness of the view attained, viz. that it could not be soundly affirmed, as a matter of law, in consonance with the unsound conclusion of the quoted requests, that Brice Bains was not an employee of the defendant at the time plaintiff was injured. His contractual right to receive a percentage of the profits may well have been founded alone in a common intent to simply thereby compensate Brice for his services; and, if so, his relation was that of an employee. In Emanuel v. Draughn, supra, and Tayloe v. Bush, supra, this court accepted the view that intention was a material factor in determining the relation parties purposed to establish between themselves, and that conception is appropriate to be considered in solution of the question projected by the requests for instruction quoted ante.

[5] It is insisted that the court erred in

giving, at plaintiff's request, special instructions 1, 2, and 3. That numbered 1 possessed these faults: It did not confine the amount of damages recoverable, in the contingency stated, to a sum not exceeding the amount claimed in count A. It did not exclude from the damages recoverable loss of earning capacity during the minority of the plaintiff. Whether, in the circumstances, this charge was calculated to mislead the jury, requiring an explanatory instruction for defendant, is a question not necessary to be decided, because of reversal that must result from the giving of the other two instructions (2 and 3) at plaintiff's request. Aside from the faulty phrasing, it is obvious that instruction numbered 2 predicated proof (establishment) of agency on the part of Brice Bains upon too broad a basis. Justification of this instruction is sought through reference to the line of authorities (of which Robinson v. Greene, 148 Ala. 434, 43 South. 797, is an illustration) wherein it is held that evidence designed to show the fact of an agency resting in parol is admissible. The charge (2) under review is not referable to the matter of the admissibility of evidence pertinent to the issue. Its effect was to conclude to the ultimate proof to the establishment of the fact of agency through recourse to facts or circumstances, the only relation of which to the inquiry of agency vel non should be that such facts and circumstances were related to the conduct of the business.

[6, 7] Instruction numbered 3 was quite vague in respect of its description of the joint concern of the parties in the business. It is proposed in brief for appellee to justify the instruction on the untenable theory that it hypothesized a relation of partnership. The plaintiff's pleading averred no such relation between defendant and Brice Bains, as has been already stated. The mere joint conduct of a business and the division of the profits, together with service in that business, does not necessarily, even as respects the rights of third persons, constitute the parties thereto partners. Authorities supra. This instruction was further faulty in its omission to qualify the right of plaintiff to recover for Brice Bains' negligence to negligence proximately causing the injury.

[8] There was no error in admitting testimony of witnesses giving their opinions of the rate of speed at which the automobile was moving when it was several hundred feet from the curve in the road, before striking plaintiff, and the rate of its speed when nearer to plaintiff (Davies v. Barnes, 201 Ala. 120, 77 South. 612), as well as the distance in which it was stopped and the circumstances of its stopping, including wheel prints in the roadway or on the bank beside the roadway.

Because of the prejudicial errors indicated, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.