(96 South. 203)

## DIRECTOR GENERAL OF RAILROADS v. BRIGHT–EIDSON & CO.    (8 Div. 562.)

(Supreme Court of Alabama. April 26, 1923.)

1. Railroads ⬳5½, New, vol. 6A Key-No. Series—Judgment cannot be rendered against Director General after termination of federal control.

Where the suit was instituted against a Director General of Railroads before federal control terminated, but the trial took place after the termination of such control, when the official character of the party defendant, the Director General of Railroads, was superseded, without abating the action, by the liquidating agent, designated by the President, against whom then pending actions were to be directed through the amendatory process of substitution, as required by Federal Transportation Act Feb. 28, 1920, § 206, subd. (d), it was error to overrule requests for instructions, motion for new trial, or motion in arrest of judgment, raising a question of the failure to substitute the agent, and to render judgment against the Director General.

2. Action ⬳27(3)—Complaint for injuries to stock held ex contractu.

A complaint for damages for the injury to horses received by defendant as a common carrier to be delivered by it to plaintiff for a reward, which injuries were received while in possession of defendant and during the transit, is in form and substance ex contractu.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Action by Bright-Eidson & Co. against the Director General of Railroads. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Judgment for plaintiff and defendant appeals. Reversed and remanded.

The complaint reads:

"The plaintiff claims of the defendant $1,000, due damages for the injury of two bay mares, from which they died, two black mares, one brown mare, and one brown horse, one gray mare, and one sorrel mare received by defendant as a common carrier to be delivered by defendant to the plaintiff at Guntersville, Ala., for a reward, and that said injuries were received by said horses while in the possession of defendant as such common carrier, and during the transit."

Street & Bradford, of Guntersville, for appellant.

When suit is against a public official, it is necessary to state his name. 31 Cyc. 99. It was necessary that the agent be substituted for the Director General. Currie v. L. & N. R. Co., 206 Ala. 402, 90 South. 313, 19 A. L. R. 675; L. & N. R. Co. v. Shikle, 206 Ala. 494, 90 South. 900; 41 U. S. Stat. at L. 462; Commonwealth Co. v. Bowles (Tex. Civ. App.) 192 S. W. 612; Ettor v. Tacoma, 228 U. S. 148, 33 Sup. Ct. 428, 57 L. Ed. 773; Adams v. Quincy Co., 287 Mo. 535, 229 S. W. 790;

Le Crone v. McAdoo, 253 U. S. 217, 40 Sup. Ct. 510, 64 L. Ed. 869. The suit could not be prosecuted to judgment against the Director General after termination of government control. Davis v. Dawkins, ante, p. 45, 95 South. 188.

Rayburn, Wright & Rayburn, of Guntersville, for appellee.

The suit was properly brought against the Director General. Crim v. L. & N. R. Co., 206 Ala. 110, 89 South. 376.

McCLELLAN, J. [1] This suit was instituted by the appellee on the 9th day of September, 1919, before federal control of the railways was terminated, against "Director General of Railroads," without naming him. This description of the official character of the party defendant, the cause of action having arisen pending federal control, was sufficient. Hines v. Wimbish, 204 Ala. 350, 85 South. 765. Further, there was no objection effectively taken in the trial court to the description of the party defendant. The trial of this cause took place after federal control had ceased, and judgment was rendered against the "Director General of Railroads." Upon the termination of federal control, and before the trial under review was had, the Director General of Railroads, the official character, was superseded, without abating the action, by the liquidating agent, designated by the President, against whom then pending actions, appropriately instituted with the Director General of Railroads as defendant, were authorized to be directed through the amendatory process of substitution. Subdivision (d) of section 206 of the Transportation Act, 41 Stat. p. 462; Currie v. L. & N. R. R. Co., 206 Ala. 402, 90 South. 313, 19 A. L. R. 675. The plaintiff should have substituted the liquidating agent for the "Director General of Railroads," an extinct official. Through special requests for instructions, motion for new trial, and motion in arrest of judgment the court was invited to declare, as a matter of law, that there could be no recovery against the "Director General of Railroads," the sole defendant. The court erred in declining to advise the jury, or, erroneously failing to do so, to grant the motion for new trial.

[2] The complaint, a single count, is in form and substance ex contractu. Cent. of G. Ry. Co. v. Camp Hill Co., 208 Ala. 315, 94 South. 350, citing earlier apt authority.

In Davis v. Dawkins (Ala. Sup.) 95 South. 188,[1] the question now effectively presented was not properly raised in the trial court. Cir. Ct. Rule 34, 175 Ala. xxi.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Ante, p. 45.