## B. F. KAY & SON v. ALABAMA COTTON & GRAIN CO. (8 Div. 647.)

(Supreme Court of Alabama. May 15, 1924. Rehearing Denied June 17, 1924.)

**1. Sales ⟐413—Proof of actual weight of cotton to be delivered admissible where estimated weight alleged.**

In action for breach of contract to deliver a certain 88 bales of cotton alleged to be of estimated weight of "to wit, 500 pounds," proof of the actual weights of the cotton involved was authorized.

**2. Evidence ⟐20(1) — Courts take judicial notice of manner of merchandising cotton.**

Courts take judicial notice of method of packing lint cotton into merchantable bales and its sale by weight and grade.

**3. Sales ⟐411—Pleadings held to indicate contract was for specific cotton rather than for specific amount.**

Allegations as to terms of contract for purchase of 88 bales of cotton, in action for failure to deliver, *held* sufficient to show that contract was for a specific "lot of cotton," rather than for a certain amount by weight.

**4. Trial ⟐261—Requested instruction requiring proof of geographical fact not existing held properly refused.**

In action for failure to deliver cotton under contract, defendant's requested instruction requiring proof by plaintiff of market value of cotton "on the river bank at V." *held* properly refused; V. not being located on the river, where delivery was to be made.

**5. Evidence ⟐10(2) — Courts take judicial notice of location of cities.**

Courts take judicial notice that particular city is not located on bank of particular river within state.

**6. Evidence ⟐213(1)—Proof of request by defendant for compromise held not improperly admitted in action for breach of contract.**

In action for failure to deliver cotton under contract, where defendant brought out testimony of a particular witness as to a conversation had between them, it was not error to permit further proof by plaintiff that defendant at the time asked what plaintiff would take to compromise.

**7. Evidence ⟐213(1)—Proof of efforts to compromise not admissible as declarations against interest.**

As a general rule, proof of bona fide effort to compromise is not admissible as declarations against interest.

**8. Trial ⟐207—Evidence of attempt to compromise being properly admitted, instruction limiting effect properly refused.**

Where evidence of defendant's effort to compromise was properly admitted, instruction that such effort was not an admission of liability *held* properly denied as invading province of jury.

**9. Sales ⟐420—Evidence of plaintiff's ability to carry out contract, held sufficient to go to jury.**

In action for failure to deliver cotton under contract, evidence of plaintiff's readiness, willingness, and ability to receive the cotton and comply with contract *held* sufficient to go to jury.

**10. Trial ⟐142, 143—Affirmative charge should not be given where evidence conflicting, or admits of adverse inference.**

Affirmative charge should not be given if there is a conflict in evidence, or adverse inference, that might be drawn by jury.

**11. Contracts ⟐153—Should be construed in manner to uphold rather than defeat, if possible.**

When consistent with intention of parties, contracts should be construed in manner to uphold rather than defeat them.

**12. Sales ⟐417—Plaintiff's compliance with contract as to place of delivery held sufficiently shown.**

In action for seller's failure to deliver cotton under contract requiring delivery at "the Decatur, Ala., compress, in Albany," proof that plaintiff had made arrangements with J. Cotton Company to handle the cotton at Decatur *held* to show sufficient compliance on plaintiff's part.

**13. Trial ⟐45(1)—Question as to offer to receive cotton in excess of amount ordered held properly excluded.**

In action for failure to deliver 88 bales of cotton under contract, exclusion of question, "Did you offer to receive less" than 94 bales, *held* not error, since an offer to receive less than that number might still have been in excess of number purchased.

**14. Trial ⟐174—Variance or failure of proof must be drawn to court's attention when affirmative charge refused.**

Variance between allegations and proof or a failure of proof must be called to court's attention at time of refusal of general charge under rules 34 and 35.

Appeal from Circuit Court, Morgan County; Osceola Kyle, Judge.

Action for damages for breach of a contract by the Alabama Cotton & Grain Company against B. F. Kay & Son. Judgment for plaintiff, and defendants appeal. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

Callahan & Harris, of Decatur, for appellants.

Defendants were entitled to have the jury instructed as to the burden of proof of the contract and market value. Sherrill v. Bank, 195 Ala. 175, 70 South. 723; O'Neal v. Curry, 134 Ala. 216, 32 South. 698; Cook v. Malone, 128 Ala. 662, 29 South. 653. Evidence of an effort to compromise a suit is inadmissible. Globe Tailoring Co. v. Seibold, 9 Ala. App. 143, 62 South. 384; Sandlin v. Kennedy Stave

Co., 165 Ala. 577, 51 South. 622; Hughes v. Daniel, 187 Ala. 41, 65 South. 521. Plaintiff's witness should not have been permitted to testify that plaintiff was ready, willing, and able to carry out its part of the contract. N. W. Pkg. Co. v. Whitney, 5 Cal. App. 105, 89 Pac. 981; LaFayette Co. v. Tucker, 124 Ala. 514, 27 South. 447; W. U. Tel. Co. v. Peagler, 163 Ala. 38, 50 South. 913.

John R. Sample, of Hartsells, and E. W. Godbey, of Decatur, for appellee.

There was no error in admitting evidence of plaintiff's ability and willingness to perform the contract. Farmer Co. v. Ward, 170 Ala. 491, 54 South. 513. Things not yet in possession may be the subject of an agreement to sell. Hamil v. Flowers, 184 Ala. 301, 63 South. 994; Gann v. Long, 2 Ala. App. 274, 56 South. 606. A variance must be called to the attention of the trial court. Rules 34, 35, Code 1907, p. 1527. That construction should be given to contracts which will sustain them. Byrne Mill v. Robertson, 149. Ala. 273, 42 South. 1008; Hamilton v. Stone, 202 Ala. 468, 80 South. 852. There was no error in refusal to charge that value at Valhermosa must be shown. 22 C. J. 189. The court will take judicial knowledge of well known locations. Sublette Bank v. Fitzgerald, 168 Ill. App. 240; McGowin Co. v. Camp, 16 Ala. App. 283, 77 South. 433.

THOMAS, J. The trial was had on count 2 and the general issue, and the judgment was for plaintiff for the breach of contract of sale of 88 bales of cotton.

With other necessary averments, that count averred the substance of the contract to be that defendants "agreed to deliver on, to wit, June 22, 1922, to the plaintiff on the south bank of the Tennessee river, in Morgan county, Alabama, eighty-eight (88) bales of cotton, to be thence transported at the plaintiff's cost to the Decatur, Ala., compress, in Albany, Ala., for which plaintiff agreed to pay to the defendants, and defendants agreed to accept, the price of 21¢ per pound, 59 bales being then on the premises of the defendants in Morgan county, Alabama, and the plaintiff avers that it agreed to pay and the defendants agreed to accept said price of twenty-one cents (21¢) per pound for said cotton upon the basis of the weight of each bale being, to wit, 500 pounds, and the plaintiff avers that, although it was at all times ready and willing to take said cotton and to pay said price," etc.

[1–3] The count is sufficient to indicate that it was a contract for the purchase of actual or "spot cotton," and not "futures"; that the amount or "lot of cotton" was 88 bales that were estimated between the parties to weigh, "to wit, 500 pounds" per bale. The videlicit being employed as to weight (Hill Gro. Co. v. Caldwell [Ala. Sup.] 99 South.

354 [1]), proof of the actual weights of the lot of cotton was authorized under the contract. The parties were not confined to the purchase and to the delivery of 44,000 pounds of cotton, but to the lot or weight of the 88 bales of cotton made the subject of the contract. We take judicial knowledge of method of packing lint cotton into merchantable bales and its sale per weight and grade. The use of the videlicit as to the weight per bale, and the employment by the pleader of the number and description of the lot of bales and place of storage and delivery, were sufficient to indicate the nature of the contract, and that it was of the "lot of cotton" rather than for an aggregate of 44,000 pounds of lint cotton.

[4, 5] The charge, requested by defendants, "The burden is on the plaintiffs to show to your reasonable satisfaction that there was a contract for the sale of the cotton, the terms thereof, and also to prove to your reasonable satisfaction the market value of the cotton on the river bank at Valhermosa at the time when such cotton was to be delivered at such point under such contract, if it was to be so delivered," was properly refused. Had not the charge sought to instruct as to the value of the cotton "on the river bank at Valhermosa," no doubt the charge would have been given by the trial court. That court took judicial knowledge, as may be done in such matter of general knowledge (Hodge v. Joy, 207 Ala. 198, 92 South. 171), that the place indicated was not so located on the river bank. McGowin L. & E. Co. v. Camp Lbr. Co., 16 Ala. App. 283, 286, 77 South. 433.

[6–8] The witness Thomas, having given without objection a part of his conversation with Kay relating to the contract, and the matter of the breach thereof being placed in the hands of his attorney, was asked by plaintiff, "What else was said?" and answered, "He asked me what I would take to compromise," before objection was shown to have been made. The ruling of the court on objection when made was rested on the "stated ground that the defendant had brought out part of the conversation and the plaintiff was entitled to bring out the rest of it." This is the rule of evidence obtaining in this jurisdiction under the circumstances recited in the bill of exceptions. And we find no reversible error in ruling on the admission of the testimony of Mr. R. E. Thomas. It is true that the general rule of evidence as to a bona fide attempt or effort to compromise a matter in controversy is that the propositions pro and con relating thereto are not admissible as declarations against interest (Sandlin v. Kennedy S. & C. Co., 165 Ala. 577, 51 South. 622; Hughes v. Daniel, 187 Ala. 41, 50, 65 South. 518; Walker v. Amer. Agri. Chem. Co., 202 Ala. 214, 80

---

[1] Ante, p. 34.

South. 36; Globe Tailoring Co. v. Seibold, 9 Ala. App. 143, 62 South. 384); yet, being properly admitted in evidence, it is for the consideration of the jury, with the other evidence. Defendants' refused charge, "I charge you that in law, an effort or offer to compromise is not an admission of liability," sought to invade the province of the jury.

[9] The fact of plaintiff's being ready, able, and willing to carry out its part of the contract of purchase was properly given in evidence by the answers to questions, as "ready to pay for it," "willing to purchase at that price," had "made arrangements with reference to handling the cotton when it reached Decatur," through "Jones Cotton Company." We know that Decatur and Albany are adjacent and contiguous cities along and near the Tennessee river, the point of the contract destination of the cotton, and that Decatur is the older of the two cities, and a place of landing on the Tennessee river. It is true the count uses the word "compress" in the description of the point to which the cotton was required to be transported at plaintiff's cost—"Decatur, Ala., compress, in Albany, Ala." The evidence does not show the location of Jones Cotton Company as related to "Decatur, Ala., compress, in Albany, Ala."; and the foregoing evidence as to arranging with Jones Cotton Company to receive the cotton would not be a variance (and, if so, to which the attention of the court was called) as to warrant the general affirmative charge for defendants. It was for the jury to consider in plaintiff's proof of its readiness, willingness, and ability to receive the cotton on its part and to fully comply with the contract of purchase. Farmers', etc., Co. v. Ward & Son, 170 Ala. 491, 54 South. 513.

[10] The affirmative charge requested should not be given if there is conflict in the evidence or adverse inference that might be drawn by the jury; and a careful consideration of the evidence convinces us that jury questions were presented. McMillan v. Aiken, 205 Ala. 35, 40, 88 South. 135; Jones v. Bell, 201 Ala. 336, 77 South. 998.

The count predicates the breach of the contract upon defendants' failure—"by failing and refusing to deliver said cotton as aforesaid." The court well states the issue for the plaintiff as follows:

"In substance and legal effect the plaintiff says that it made a contract, or agreement of sale, with defendant, in and by which defendant agreed to sell to the plaintiff 88 bales of cotton, on or about the 12th day of June, 1922, at and for the sum of 21 cents per pound, each bale to weigh 500 pounds approximately. And plaintiff alleges that that agreement to sell was breached by the defendants; that the defendants failed to furnish cotton according to the said contract or agreement; that the plaintiff alleges that the defendants made with it. And the plaintiff alleges that it was ready, able, and willing, on its part, to carry out the contract. Plaintiff alleges that, by reason of the breach of the contract by the defendant, it has been damaged," etc.

Was there a failure or refusal by defendants of contract obligation and duty to deliver the cotton sold or contracted to be delivered? The answer would depend somewhat upon the respective insistences and refusals of the parties. In plaintiff's testimony its agent, Day, testified as to his arrangement to receive the cotton at the point of destination:

"The Alabama Cotton & Grain Company made arrangements with reference to handling the cotton when it reached Decatur. There was a boat line of transportation from up the river from Kay's Point to Decatur. We had not made arrangements for cotton handled through cotton compress of Albany-Decatur, but through Jones Cotton Company."

[11] The cotton was to be delivered on the river bank and thence to be transported. When it can be done consistently with the expressed intention of the parties, that construction should be given to contracts which will uphold rather than defeat them. Byrne Mill Co. v. Robertson, 149 Ala. 273, 42 South. 1008; Hamilton v. Stone, 202 Ala. 468, 80 South. 852.

[12] The witness continued:

"I hadn't made preparations to receive it elsewhere than Decatur, but only made arrangements with Jones Cotton Company to handle the cotton at Decatur."

This was sufficient as to compliance on plaintiff's part.

[13] The court sustained the objection (and the defendant reserved an exception) to the question, "Did you offer to receive less" than 94 bales of cotton? It was not error to decline to permit this examination of the witness. He may have offered to receive less than the 94 bales, and yet have exceeded the number of bales purchased.

[14] If there had been a variance between the allegata and probata, or a failure of proof that could be cured on the trial, the attention of the court was not called thereto on the request of defendant when the general affirmative charge was refused. Rules 34 and 35, 175 Ala. xxi; Watts v. State, 204 Ala. 372, 86 South. 70; Bains Motor Co. v. Le Croy, 209 Ala. 345, 96 South. 483; Ferrell v. Ross, 200 Ala. 90, 75 South. 466, as to rule 34. See, also, Davis v. Dawkins, 209 Ala. 45, 48 (8), 95 South. 188; Woodmen, etc., v. Maynor, 209 Ala. 443, 96 South. 352; Director General of R. R. v. Bright-Eidson & Co., 209 Ala. 297, 96 South. 203.

We find no error in the record.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and MILLER, JJ., concur.